In re STERNE & LEVI.

(District Court, E. D. Texas. June 7, 1911.)

No. 81.

1. BANKRUPTCY (§ 18*)—COURTS—JURISDICTION.

Where partners were domiciled in different bankruptcy court districts, and the firm maintained a business establishment in each district, both bankruptcy courts had jurisdiction of bankruptcy against the firm and the individual partners.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 18.*]

2. BANKRUPTCY (§ 18*)—COURTS—JURISDICTION.

Bankruptcy Act July 1, 1898, c. 541, § 32, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), provides that, where petitions are filed against different members of a firm in different courts of bankruptcy, each of which has jurisdiction, the cases shall be transferred to the court which can proceed with the same for the greatest convenience of the parties in interest. General Order 6 (89 Fed. v, 32 C. C. A. ix) confers exclusive jurisdiction on the court in which the petition in bankruptcy is first filed, subject to transfers authorized by section 32. Partners were domiciled in different districts, and the firm maintained a business establishment in each district. An involuntary petition in bankruptcy against the firm and the partners individually.was filed in one district. Subsequently a voluntary petition was filed in the other district. *Held*, that the court in which the first petition was filed was vested with the exclusive jurisdiction to determine the question which of the two courts could proceed with the case for the greatest convenience of the parties in interest.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 18.*]

3. BANKRUPTCY (§ 18*)—COURTS—JURISDICTION.

Bankruptcy proceedings against a firm maintaining establishments in Texas and Arkansas and against the partners, one of whom resided in each state, were pending in bankruptcy courts in Texas and Arkansas. On motion to transfer the case from the court in Texas to the court in Arkansas, more than 50 creditors with claims aggregating $10,596 appeared in opposition. Two of the creditors had claims for rent due and to become due to the amount of about $2,000 on two buildings occupied by the bankrupts in Texas and claimed priority under the state law.

The total liabilities were less than $18,000. The bankrupt who formerly resided in Arkansas had removed to Texas, where he and the other partner were within the jurisdiction of the court in Texas, subject to call as witnesses in the proceedings. *Held,* that a transfer of the case to the court in Arkansas was not justified under Bankruptcy Act July 1, 1898, c. 541, § 32, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), authorizing transfers for the greatest convenience of parties in interest.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 18*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

In the matter of the bankruptcy of Sterne & Levi. Petition of W. C. Hudson, trustee, to transfer the cause to the District Court of the United States for the Eastern District of Arkansas. Denied.

The following is the opinion of Hampson Gary, Referee:

The issues referred to me, as special master, to ascertain and report the facts, with my conclusions thereon, arise upon a petition of W. C. Hudson, trustee, for a transfer of the above-entitled cause from this court to the District Court of the United States for the Eastern District of Arkansas on the alleged ground that the latter court can proceed with said cause for the greatest convenience of all parties in interest.

The facts, as derived from the petition and exhibits thereto, responses filed by Thos. D. Bonner, trustee, and various creditors, the record, and the evidence, are as follows:

On February 28, 1911, certain creditors of the firm of Sterne & Levi, merchants having stores at Texarkana, Tex., and Pine Bluff, Ark., filed in this court a petition in involuntary bankruptcy, praying an adjudication of bankruptcy of the partnership and the individual partners. This petition was prosecuted with due diligence to an adjudication, which was made on March 23, 1911, and on April 7, 1911, respondent Thos. D. Bonner was elected and duly qualified as trustee herein.

Meanwhile, said firm of Sterne & Levi, and the individual partners, on March 6, 1911, filed their voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Arkansas, and order of adjudication was made the same day, and on March 21, 1911, W. C. Hudson, the petitioner, was appointed and qualified as trustee.

The stock of merchandise of the bankrupts located at Pine Bluff, Ark., was sold by W. C. Hudson, trustee, for the sum of $5,060; that at Texarkana, Tex., by Thos. D. Bonner, trustee, for the sum of $4,100; both sales were confirmed by the courts under whose respective orders they were made; and said sums of money, representing all—or practically all—of the assets of said bankrupts, are in the hands of the respective trustees.

[1] The first question that presents itself for consideration and decision is that of jurisdiction. It is apparent from the facts that both courts had jurisdiction of the parties and the subject-matter herein, both on account of the fact that a partner was domiciled in each district and because a business was maintained in each, and, the jurisdiction of both having been invoked, the initial step in this inquiry is to determine to which of said courts the law gives the preference: for, unless that preference is here, this court has no jurisdiction to entertain the motion to transfer the cause on the ground of the convenience of parties in interest.

The letter as well as the spirit of General Order 6 in Bankruptcy (89 Fed. v, 32 C. C. A. ix), which is hereinafter quoted at length, confers exclusive jurisdiction upon that court *in which the petition is first filed,* subject to the provision for the transfer of cases from one to another district court where the convenience of parties in interest demands it, which will be discussed later herein. As between two District Courts of the United States it is the duty of the other court to yield jurisdiction and the control and direction of the entire proceeding to the one whose jurisdiction was first invoked. In re

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Elmira ·Steel·'Co. ·(D. C.) 5 Am. Bankr. Rep. 484, 109 Fed.· 456;·' Matter of United Button Co.·'(D. C.) 12 Am. Bankr. Rep. 761, 132 Fed. 378.

[2] The first petition in bankruptcy having been filed in the District Court of the United States for the Eastern District of Texas, it is clear that:this court is entitled to, and should, proceed with the case unless it clearly appears that the convenience of parties in interest requires its transfer under. 'section 32 of the act to some other court. This conclusion is inevitable, notwithstanding the fact, so strongly urged by counsel for the Arkansas trustee, to the contrary, that the second petition was voluntary, and that bankrupts cannot be deprived of their right to a voluntary adjudication, even with an involuntary petition pending against them, unless it be shown that injury would result to creditors by reason of preferential or other transfers between the dates of the respective petitions.

The right of a person to become a voluntary bankrupt under such circum· stances was formerly doubted; but it is no longer open to question. .The proper practice, as pointed out by the authorities. under such circumstances, is to stay the proceedings on the involuntary petition, with protection to creditors as to costs, and make an order of adjudication, with leave to creditors to bring forward the involuntary petition in the event that it should develop in the further proceedings in the case that such course is necessary in the interest of creditors. But this contemplates that both petitions are presented to the same court, as is usually the case, or, if presented to different courts, upon a transfer and consolidation of the cases in one of the courts, and is a matter of practice and expediency, which in no way affects, alters, or relates to the question 'of jurisdiction in the first instance.

In this connection, it may be remarked that no real distinction is to be found between a voluntary· petition in bankruptcy and an admission by bankrupt upon the filing of an involuntary petition against him of his "inability to pay his debts and a willingness to be adjudged bankrupt on that ground," with adjudication thereon, under which conditions the case proceeds, under the law, as though it were voluntary. Prior to the amendment of 1910 (Act June 25, 1910, c. 412, 36 Stat. 838) corporations could not become voluntary bankrupts in the strict and technical sense; but, by filing the admission above referred to, they could and often did accomplish·.the same end—indeed, practically the only use found for that ground of bankruptcy was in just such cases. This course was resorted to in the case of Elmira Steel Co., supra, upon the second petition filed; and, as stated, no distinction worthy of any serious consideration is perceived in respect to the character of the bankruptcy, i. e., whether voluntary or involuntary, between that case and the one here. For the purposes of this inquiry they may be considered as presenting identical facts.

Section 32 of the bankrupt act is as follows:

"In the event petitions are filed against the same person, or against different members of a partnership, in different courts of bankruptcy, each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by one of such courts which can proceed with the same for the greatest convenience of parties in interest."

This section does no more than provide against the hard and fast rule of the former law, under which a case in bankruptcy had to proceed in the court having jurisdiction in which the petition was first filed, without regard to the convenience of parties. It will be observed that no effort is made therein to specifically point out the manner of obtaining a·transfer or the court to which the application is to be made, and general order 6 must be resorted to for more specific directions. Collier on Bankruptcy (8th Ed.) p. 478.

This general order is as follows:

"In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile, and the petition may be amended by inserting an allegation of an act of bankruptcy committed at an earlier date than that first alleged, if such earlier act is charged in either of the other petitions; and in case of two or more petitions against the same partnership in different courts, each having jurisdiction, the petition first filed shall be first heard, and may be amended by the inserting of an allegation of an earlier act of bank-

ruptcy than that first alleged, if such earlier act is charged in either of the other petitions, and, in either case, the proceedings upon the other petitions, may be stayed until an adjudication is made upon the petition first heard; and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed. In case two or more petitions shall be filed in different courts by different members of the same partnership for an adjudication of bankruptcy of said partnership, the court in which the petition is first filed, having jurisdiction, shall take and retain jurisdiction over all proceedings in such bankruptcy until the same shall be closed; and if such petitions shall be filed in the same district, action shall be first had upon the one first filed. But the court so retaining jurisdiction shall, if satisfied that it is for the greatest convenience of parties in interest that another of said courts should proceed with the cases, order them to be transferred to that court."

This order leaves no room for doubt but that the court taking and retaining jurisdiction shall have exclusive jurisdiction to determine the question of a transfer under section 32, for it expressly provides that the court *"so retaining jurisdiction* (because the petition was first filed therein) *shall, if satisfied that it is for the greatest convenience of parties in interest,* that another of said courts shall proceed with the case, *order them transferred to that court.*

Therefore, this court, and this court only, is vested with jurisdiction to determine the question here presented, i. e., which of the two courts can proceed with the case for the "greatest convenience of parties in interest." Authorities supra.

[3] Neither the act nor the general order attempts to define the terms "greatest convenience" or "parties in interest." The interpretation placed upon them by the court in the Matter of United Button Co. (D. C.) 13 Am. Bankr. Rep. 454, 137 Fed. 668—that the terms "parties in interest" covers every party having any interest in or connection with the case, including priority, secured and unsecured creditors, as well as the bankrupts themselves, and that the term "greatest convenience" depends upon all the circumstances, proximity of a majority of creditors and the place of business of the bankrupts to the court, proximity of witnesses whose attendance is desired in any hearing, and perhaps numerous other factors—would seem to be the correct view. And, in order that all the circumstances might be fully developed and a full and complete hearing assured herein, 10 days' notice of the time, place, and object of this hearing was given to every party in interest shown by the schedules of the bankrupts herein. In response to this notice of the referee, more than 50 creditors with claims aggregating $10,596 (the total liabilities shown in the schedules are less than $18,000) appeared in person and by attorney in opposition to the petition of the Arkansas trustee for a transfer of the cause. Other creditors having claims of about $1,000 on file with the referee were not present or participating in the hearing and were not considered. Two creditors have claims for rent due and to become due to the amount of about $2,000 on the two store buildings occupied by bankrupts at Texarkana, Tex., and are claiming priority under the state law, which gives them a lien for one year's rent. The claims are being contested by the trustee, and the hearing thereon has been adjourned to enable claimants and the trustee to secure the attendance of witnesses residing in Texarkana Tex., on issues of fact involved therein. It further developed at the hearing that Chas. Levi, one of the bankrupts, who formerly resided at Pine Bluff, Ark., is now residing in Texarkana, Tex., where he and the other partner, Nathan Sterne, are within the jurisdiction of the court, subject to call as witnesses in the further proceedings herein, if their attendance is desired; and said bankrupts were present at the hearing herein and represented to this court that it would better suit their convenience for the case to proceed here.

Although, under section 32 and general order 6, the burden of satisfying this court, by a fair preponderance of the evidence that it would be for the greatest convenience of parties in interest to transfer this case to the Arkansas court was upon the petitioner, nothing in support of his petition to transfer was offered by the Arkansas trustee against the array of facts and circumstances constituting a great preponderance of the evidence in favor of

this court retaining and proceeding with the case. Not one creditor, although all had ample notice of the time and object of the hearing, appeared in favor of a transfer.

Counsel for the Arkansas trustee argued with much earnestness that the question here presented has been determined by the District Court of the United States for the Eastern District of Arkansas, and the matter is res adjudicata. This is a question that I approach with much reluctance, as it involves an inquiry into the jurisdiction of a sister court of equal dignity with this court. As said in the case of Elmira Steel Co., supra:

"But no court can close its doors to parties who have a right to come before it. * * * Its duty to pass judgment is not the less exacting where it sometimes involves, as it does in this case, the disagreeable task of determining the validity of proceedings in another court. 'And it must be assumed here at the outset that the other court intended, not merely no error in its proceedings, but no interference with or disparagement of proceedings in a sister court; if it committed any error, or acted without right, it must be believed that it was moved thereto by the parties before it. * * * ' "

It should likewise be stated that this court has the greatest possible respect for the honorable District Court for the Eastern District of Arkansas, although, with the views herein expressed and the authorities cited, it feels compelled to differ with its ruling and hold that that court was without jurisdiction to determine the question as to which of these courts could proceed with this case for the greatest convenience of parties in interest. In re Tybo Mining Co. (D. C.) 13 Am. Bankr. Rep. 62, 132 Fed. 697; Matter of United Button Co. (D. C.) 13 Am. Bankr. Rep. 454, 137 Fed. 668. .

It being the opinion of this court that the honorable Arkansas court was without jurisdiction in respect to the matter of a transfer of this case, it is unnecessary to determine whether or not creditors who appeared there by petition are concluded by its ruling on said petition. Certainly other creditors would not be so concluded; nor would the trustee herein, who filed a response to the petition of the Arkansas trustee and appears in opposition to a transfer. And none of the parties could compromise, intentionally or otherwise, the dignity of this court, by waiving without its consent jurisdiction in a case of undoubted jurisdiction of which it has taken cognizance, as it did in this case upon the filing of the petition, upon a matter with which it is vested with exclusive jurisdiction to determine.

It follows that the petition to transfer this cause should be denied, and it is so ordered.

To the end that the administration of said estate may proceed in this court without further confusion and delay, Thos. D. Bonner, the trustee herein, is hereby directed to respectfully apply forthwith to the honorable District Court for the Eastern District of Arkansas for a stay of proceedings there and pray for an order directing the trustee therein to turn over to this court the assets in his hands.

Bridges & Wooldridge, for petitioner.
Webber & Webber, for respondent trustee, and various creditors.
Rodgers & Dorough, for respondent Feinberg.
Smelser & Vaughan, for respondent Wessel.

RUSSELL, District Judge. Now on this, the 29th day of May, 1911, came on to be considered the exceptions of W. C. Hudson, trustee appointed by the District Court of the United States for the Eastern District of Arkansas, to the findings of fact and conclusions of law filed herein by Hon. Hampson Gary, special master appointed in this behalf by the District Court of the United States for the Eastern District of Texas; and, the court being fully advised in the premises, the court is of opinion that said exceptions of said W. C. Hudson are not well taken. It is therefore ordered by the court that said exceptions be, and the same are, overruled, and the said

petition of said Hudson, trustee as aforesaid, to transfer this cause to the District Court of the United States for the Eastern District of Arkansas, is hereby denied, and the court hereby approves in all things the findings, conclusions, and opinion of said Hampson Gary, Special Master; and Thomas D. Bonner, the trustee heretofore appointed in this behalf by this court, is hereby directed to respectfully apply, forthwith, to the honorable District Court for the Eastern District of Arkansas for the stay of proceedings in that court, and for an order directing the said Hudson, trustee, to deliver over to this court all the assets in his hands belonging to the estate of said bankrupts.