## In re R. C. STANLEY SHOE CO.

District Court, D. New Hampshire.
Sept. 27, 1934.

682

Walter Espovich, of Haverhill, Mass., original petitioners.

William L. Pullen, of Boston, Mass., for bankrupt.

Friedman, Atherton, King & Turner, of Boston, Mass., and James A. Broderick, of Manchester, N. H., for intervening creditors.

MORRIS, District Judge.

On the 7th day of September, 1934, three creditors, having claims in the aggregate amounting to $5,203.60, filed an involuntary petition in bankruptcy against the R. C. Stanley Shoe Company, alleging that it has for the greater portion of six months next preceding the date of filing the petitions had its principal place of business at Derry, county of Rockingham, state of New Hampshire, and that it owed debts to the amount of $1,000 or more. On the same day a subpœna was issued to the bankrupt which was served on September 10, 1934. On the last-mentioned date the alleged bankrupt filed in the District Court for the District of Massachusetts a voluntary petition in bankruptcy and was duly adjudged a bankrupt. On September 11, 1934, a petition was filed in this court by one of the original petitioners for the appointment of a receiver. On September 12, 1934, two creditors of the alleged bankrupt filed a petition to intervene and opposed a decree of adjudication on the ground that the R. C. Stanley Shoe Company had not had its principal place of business within this jurisdiction for a period of six months and alleging that its principal place of business is in Boston, county of Suffolk, commonwealth of Massachusetts.

The petition for the appointment of a receiver and the intervening petition were set down for hearing on the 13th day of September, 1934.

Counsel for the original petitioners and counsel for the intervening petitioners appeared and were heard. Upon hearing the parties and their counsel, the court found as a fact that R. C. Stanley Shoe Company was a corporation organized under the laws of the commonwealth of Massachusetts having an office in Boston, but that its principal place of business was, and had been for more than six months prior to the filing of this petition in bankruptcy, in Derry, N. H. The petition to dismiss was denied. A receiver was appointed who duly qualified September 18, 1934, by filing a receiver's bond in the sum of $3,000, which bond was duly approved on the same day. On the 13th day of September, 1934, three appraisers were appointed to make an appraisal of the bankrupt's estate. On September 18, 1934, a motion to dismiss the bankruptcy proceedings in the District of New Hampshire and a further motion for a stay of the bankruptcy proceedings in this district were filed by other creditors of the alleged bankrupt seeking to vacate the orders already made. Counsel for the original petitioning creditors appeared in opposition to such motions. Other counsel appeared for the last petitioning creditors. After hearing arguments of counsel and oral testimony of witnesses, I still adhere to my former finding that the principal place of business of the R. C. Stanley Shoe Company is in Derry, N. H. That is where its factory is located and all manufacturing has been carried on. Raw material was received at the factory and all shipments of manufactured goods was made from Derry. An office was maintained there with a corps of stenographers, bookkeepers, and clerks, and all books of commercial transactions of the corporation were kept there. So far as appears, the only books kept in Massachusetts were the corporate records and they were in possession of the corporation counsel. The seal of the corporation was found in

the safe at Derry. Its principal banking business was carried on through the Derry Bank, and chattel mortgages on its property were recorded in the town clerk's office in Derry. Mr. Stanley, treasurer and principal stockholder of the corporation, visited the Derry plant every day.

An office was maintained at 139 Lincoln street, Boston; the furniture consisting of a table and desk and sample case used by salesmen. Mr. Stanley testified that this was never regarded as the principal office of the corporation.

The corporation employs about 150 people, all of whom live in or near Derry. They are creditors of the corporation. The largest creditors live in and about Boston, Haverhill, Lynn, and Brockton, Mass. In Haverhill alone the corporation owes about $15,000. There are creditors outside the above-mentioned cities to the amount of approximately $7,500.

█ As above stated, upon the showing before me, I adhere to my previous finding that Derry, N. H., is the principal place of business of the bankrupt corporation. Dryden v. Ranger Refining & Pipe Line Co. (C. C. A.) 280 F. 257; In re Devonian Mineral Spring Co. (D. C.) 272 F. 527.

█ Courts of bankruptcy have jurisdiction (1) "To adjudge persons bankrupt who have had their principal place of business, resided, or had their domicile within their respective territorial jurisdictions for the preceding six months, or the greater portion thereof."

█ It follows that a corporation may be organized under the laws of one state and have its principal place of business in another state and there be jurisdiction in both states to adjudge the corporation a bankrupt.

The instant case presents such a situation. The first petition was filed in New Hampshire. The first adjudication was made in Massachusetts. The question of procedure under General Order 6 (11 USCA § 53) and section 32 of the Bankruptcy Act (11 USCA § 55) is raised. General Order 6 provides: "In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile; * * * the proceedings upon the other petitions may be stayed until an adjudication is made upon the petition first heard; and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all

proceedings therein until the same shall be closed."

█ Upon the facts above stated a literal compliance with General Order 6 would seem to limit the jurisdiction to hear and determine a bankruptcy petition in case of a corporation to the district wherein the corporation has its domicile, which I understand to mean the district of state in which it was organized. I think General Order 6 is procedural, and that so much of it as is in conflict with section 32 of the Bankruptcy Act must yield to the statute.

Section 32 provides: "In the event petitions are filed against the same person, or against different members of a partnership, in different courts of bankruptcy each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest."

█ Construing the language of section 32 with General Order 6, it appears to me, and I hold, that the determination of the greatest convenience of parties should be exercised by the Bankruptcy Court in the bankrupt's domicile. The proceedings in the other jurisdiction should be stayed, not dismissed, until such determination has been made. In re United Button Company (D. C.) 132 F. 378; In re Devonian Mineral Spring Co., supra; In re Elmira Steel Company (D. C.) 109 F. 456.

The case of Roszell Bros. v. Continental Coal Corp. (D. C.) 235 F. 343, cited by counsel for the original petitioners, is not in point. In that case the corporation was organized in the state of Wyoming. It was found that its principal place of business was in the state of Kentucky. It maintained an office and office force in the state of Tennessee. The first petition in bankruptcy was filed in Kentucky. A subsequent petition was filed in Tennessee. There was no petition filed in Wyoming, the domicile of the corporation. The conflict of jurisdiction was between the courts in the two first mentioned states. Under the reported facts of the case it does not appear that the interpretation of General Order 6 and section 32 of the Bankruptcy Act were involved.

In the instant case the order is: Petitions to dismiss are denied. The petition to stay proceedings pending the determination of the convenience of parties by the court of bankruptcy in Massachusetts is granted.