In re Harold L. COWAN and Thelma
L. Cowan, Debtors.

John Lewis, Jr., Trustee, Plaintiff,

v.

Harold L. Cowan, Thelma L. Cowan
and AmeriCredit Financial Services,
Inc., Defendants.

Bankruptcy No. 98–44983–1.
Adversary No. 99–4052–1.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

July 15, 1999.

John Lewis, Jr., Trustee.

Tracy L. Robinson, Lisa A. Epps, Kansas City, MO, for Defendant or Respondent.

## MEMORANDUM OPINION AND ORDER

JERRY VENTERS, Bankruptcy Judge.

AmeriCredit Financial Services, Inc. ("AmeriCredit") has objected to the Chapter 7 Trustee's apparent agreement to accept extended payments from the Debtors, Harold L. Cowan and Thelma L. Cowan, for an automobile pursuant to a Chapter 13 Plan, and has asked the Court to compel the Trustee to immediately take possession of the automobile and sell it for the benefit of creditors. For the reasons set out below, the Court will deny AmeriCredit's Objection.

This Memorandum Opinion and Order constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

## FACTUAL BACKGROUND

Some elaboration on the factual background in the Debtors' two proximate bankruptcy filings is necessary to an understanding of the present matter.

The Debtors filed a voluntary Chapter 7 Petition on November 17, 1998. John Lewis, Jr., the Plaintiff in this Adversary Proceeding, was appointed by the United States Trustee as the Chapter 7 Trustee. The Debtors listed among their assets in the Chapter 7 case a 1999 Dodge Stratus automobile, which they indicated was subject to a lien in favor of AmeriCredit. The Trustee found that the Debtors had purchased the automobile on September 9, 1998, just over two months before they filed their bankruptcy petition, and upon further investigation the Trustee determined that AmeriCredit had not filed a timely application with the Missouri Department of Revenue to perfect its security interest in the automobile. AmeriCredit's application for a new Certificate of Title for the automobile, which would show AmeriCredit's lien on the face thereof, was not received by the Department of Revenue until November 9, 1998, which was more than 20 days after the Debtors took possession of the automobile. *Fidelity Financial Services v. Fink*, 522 U.S. 211, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998).

The Trustee, on April 2, 1999, filed this Adversary Proceeding seeking to avoid AmeriCredit's purported lien on the vehicle and to set aside the purported grant of the security interest to AmeriCredit as a preference in violation of 11 U.S.C. § 547. The Trustee also asked that the 1999 Dodge Stratus be turned over to him and that the Debtors' discharge, which had been entered on February 17, 1999, be revoked in the event the Debtors refused to turn over the vehicle to the Trustee.

It was at this point that the bankruptcy proceedings involving the Debtors took an unusual turn. In an obvious attempt to retain their vehicle, the Debtors filed a Chapter 13 bankruptcy proceeding on April 8, 1999, just six days after the Trustee filed his Complaint seeking turnover of the vehicle. The Debtors promptly filed a Chapter 13 Plan in which they proposed to pay the Chapter 7 Trustee the secured sum of $14,425.00, plus interest, under the Chapter 13 Plan for the vehicle. The Chapter 13 Plan treated the Chapter 7 Trustee as a secured creditor in the automobile, and proposed that the full amount of $14,425.00, plus interest, would be paid over five years. AmeriCredit asserts that the Chapter 7 Trustee has agreed to this treatment (apparently on the basis that he has not objected to the proposed Plan).

Initially, AmeriCredit filed an Answer to the Trustee's Complaint denying that its lien was not properly perfected. It then filed the present Objection stating that, if the Trustee was successful in avoiding AmeriCredit's lien in the vehicle, AmeriCredit would then object to the Trustee's consent to treatment as a secured creditor in the Debtors' Chapter 13 Plan to receive payments over five years. Instead, AmeriCredit asked the Court to compel the Trustee to immediately take possession of and sell the vehicle "for the benefit of AmeriCredit and the other secured (sic) creditors in the Chapter 7 Case (sic)."

However, a few days later, AmeriCredit and the Trustee submitted a Stipulated Order to the Court in which AmeriCredit admitted that it had not timely perfected its lien in the vehicle and that the purported lien could be avoided. The Stipulated Order further provided that AmeriCredit would be allowed a general unsecured nonpriority claim in the Chapter 7 proceeding of $20,354.89.

## DISCUSSION

■ AmeriCredit argues that it is the Chapter 7 Trustee's main duty to expeditiously close the Chapter 7 estate and that it is in the best interests of all parties in interest that the Trustee immediately take possession of the automobile and sell it for the benefit of AmeriCredit and the other unsecured creditors in the Chapter 7 case. The Trustee's duties are owed to the creditors of the bankruptcy estate, not the Debtors, AmeriCredit argues, and the Trustee's purported agreement with the Debtors to accept payments over five years is in the Debtors' best interests, but is not in the best interests of the Chapter 7 creditors.

■ It is certainly true that two of a Chapter 7 Trustee's primary duties are to liquidate the assets of the estate and close the estate as quickly as reasonably possible. Section 704 of the Bankruptcy Code ("Code") provides:

"The trustee shall -

(1) Collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;..."

11 U.S.C. § 704(1).

Some courts have described the trustee's duty to expeditiously close a Chapter 7 estate as the trustee's "main duty," *In re Hutchinson*, 5 F.3d 750, 753 (4th Cir.1993) and his "overriding responsibility," *Estes & Hoyt v. Crake (In re Riverside–Linden Investment Co.)*, 925 F.2d 320, 324 (9th Cir.1991). If closing a bankruptcy estate as quickly as possible, without regard to the interests of the debtors as well as all creditors and other parties in interest, were the overriding and paramount requirement of the Code, then perhaps AmeriCredit would be correct in its assertions, but the Court does not believe that is the standard by which the trustee's duties are to be measured. It is not as simple as AmeriCredit would make it.

■ A bankruptcy trustee is a fiduciary of the estate's creditors, and his duty to collect and conserve the assets of the estate and to maximize distribution to creditors is a fiduciary obligation. *In re Melenyzer*, 140 B.R. 143, 154 (Bankr.W.D.Tex. 1992). It has long been established that the trustee's chief duty is to make an estate's assets available for the benefit of the general creditors' claims. *Bunch v. Maloney*, 233 F. 967, 969 (8th Cir.1916), *rev'd on other grounds*, 246 U.S. 658, 38 S.Ct. 425, 62 L.Ed. 925 (1918). "The trustee is not only an officer of the court but also the representative of all the creditors and has the duty to realize the maximum from the estate for distribution to the creditors." *Commercial Credit Corporation v. Skutt*, 341 F.2d 177, 181 (8th Cir. 1965); *In re Benny*, 29 B.R. 754, 760 (N.D.Cal.1983); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3rd Cir.1996).

The bankruptcy court in *Melenyzer* recognized these conflicts in a trustee's duties:

On the one hand, the trustee has a duty to close the estate as expeditiously as is compatible with the best interests of parties in interest. On the other hand, the trustee must also collect the assets of the estate; investigate the financial affairs of the debtor; and appropriately object to the debtor's discharge, to proofs of claim, or to exemptions.

\* \* \* \* \* \*

Balancing these apparently competing duties is all the more difficult because the trustee must make decisions pro-

spectively, without the benefit of hindsight, and it is always much harder to guess than to second-guess...The standard, after all, is 'reasonable care' and 'due diligence,' not perfection. *In re Rigden*, 795 F.2d at 730–31. Trustees should not be punished, after the fact, for judgment calls which, at the time they were made, seemed reasonable.

*Melenyzer*, 140 B.R. at 143.

In the instant case, the Court will not second-guess the Trustee for what he has done thus far in either the Chapter 7 case or in the Chapter 13 case involving these Debtors, and the Court will most certainly not criticize the Trustee for something the Trustee might do or not do in the future. As to what the Trustee has done thus far, his actions are worthy of praise, not condemnation. As a result of the Trustee's investigation and actions, the Trustee has made a recovery of $14,425.00, plus interest, for the benefit of the unsecured creditors in the Chapter 7 proceeding. As it was, the general unsecured creditors in the Chapter 7 proceeding would have received nothing; with the recovery of the vehicle free of AmeriCredit's lien, the general unsecured creditors in the Chapter 7 proceeding (including AmeriCredit) will apparently receive a dividend of more than 30% on their claims. Obviously, the actions that have been undertaken by the Trustee have benefitted the general unsecured creditors, albeit at the expense of AmeriCredit.

As for what the Trustee might do in the future with respect to the payments to be made to him under the Chapter 13 Plan, the Court is not going to attempt to anticipate what the Trustee might or might not do and condemn him for such anticipated action. Although AmeriCredit asserts that the Trustee has agreed to the proposed Chapter 13 Plan providing for payment of the $14,425.00 over five years, with interest, the Court has not seen any pleading filed by the Trustee in which he has accepted such treatment under the Chapter 13 Plan. Even if the proposed Chapter 13

Plan is confirmed, the Trustee could very well decide to sell his interest in the stream of payments and in that way conclude the administration of the Chapter 7 estate, or the Debtors might be persuaded to obtain new financing (properly secured, of course) so as to enable them to pre-pay the debt owed on the vehicle. There are probably other possibilities as well. The Court knows that the Trustee, who has shown himself to be a capable and responsible bankruptcy trustee, will do what is in the best interest of all parties concerned.

 AmeriCredit argues that the Trustee's duties are owed to the creditors, and suggests that the Debtors have no interest in what the Trustee does. To the contrary, the Court believes that the Debtors, as well as all creditors of the estate, have interests that must be safeguarded. The Trustee's actions "must be compatible with the bankrupt's best interests as well as the interest of the bankrupt's creditors." *Yorke v. National Labor Relations Board*, 709 F.2d 1138, 1147 (7th Cir.1983). "Parties in interest" in a bankruptcy proceeding include the debtor, all creditors "and every other party whose pecuniary interest is affected by the proceedings." *In re Devonian Mineral Spring Co.*, 272 F. 527, 532 (N.D.Ohio, 1920). "The bankrupt is not only literally but substantially a party in interest." *In re United Button Co.*, 137 F. 668, 672 (D.Del.1904). If nothing else, the Debtors have an interest in obtaining the fresh start which is the primary goal of the Code. As the court said in *In re Transatlantic & Pacific Corp.*, 216 F.Supp. 546, 552–53 (S.D.N.Y.1963):

> The Bankruptcy Act was enacted for the dual purpose of (1) discharging the indebtedness of the honest debtor so that he will be afforded an unburdened opportunity to start afresh in his economic pursuits, and (2) providing a speedy and efficient means of distributing his assets equitably among creditors.

Seizing the Debtors' automobile simply because the creditors demand it, so that they will receive their money sooner rath-

er than later, would not be justified in the present circumstances. Despite Ameri-Credit's protestations, the Debtors will be paying interest on the secured claim, which will compensate the creditors somewhat for the delay in receiving their money. If the Debtors should default in their Chapter 13 Plan payments, at that time the Trustee would be expected to act promptly to seize their vehicle and liquidate it for the benefit of the unsecured creditors. However, seizing the vehicle at this time would deprive the Debtors of transportation which they likely need to enable them to earn a livelihood and perform their Chapter 13 Plan.

It may be safely said...that if a trustee bears in mind that he is the representative of the estate considered as a whole, is bound to be vigilant and attentive in advancing its interests, and is under obligation to seek to carry out in the strictest good faith the provisions of the bankrupt act where they seem to apply plainly to the estate committed to his charge, he is not likely to go far wrong in doing, or in refusing to do, what may be asked of him by the creditors. In doubtful cases, the referee and the court will solve his perplexities.

*In re Baird,* 112 F. 960 (D.C.Pa.1902).

This a not a doubtful or perplexing case. The Trustee has made what he apparently considers the best decision in the circumstances, taking into account the interests of the Debtors as well as all creditors. In all candor, the objection filed by AmeriCredit has a distinctively vindictive air about it. Having failed to properly perfect its security interest in the Debtors' vehicle, as required by law, AmeriCredit now demands that the Trustee seize and sell the Debtors' automobile so that AmeriCredit can be paid its share of the bankruptcy estate immediately, rather than over a period of years (although Ameri-Credit's claim would have been paid over a similar period of years if its security interest had been properly perfected). Perhaps AmeriCredit should keep in mind that the present situation is a direct result of AmeriCredit's failure to perfect its security interest in the vehicle, and had AmeriCredit acted timely to perfect its security interest, this situation would not now be before the Court and AmeriCredit would not be so displeased with the situation in which it finds itself.

For the foregoing reasons, it is

**ORDERED** that AmeriCredit's Objection to the Trustee's handling of the payments under the Debtors' Chapter 13 Plan be and is hereby DENIED.

**SO ORDERED.**