## In re STATEWIDE THEATRES CORPORATION (two cases).
### Nos. 990, 992.

District Court, D. Delaware.
July 7, 1933.

C. L. Ward, Jr. (of Marvel, Morford, Ward & Logan), of Wilmington, Del., for petitioning creditors in No. 990 and for bankrupt in No. 992.

William S. Potter (of Ward & Gray), of Wilmington, Del., E. Harold Hallows (of Fish, Marshutz & Hoffman) of Milwaukee, Wis., for creditors seeking removal.

NIELDS, District Judge.

May 16, 1933, an involuntary petition in bankruptcy was filed in this court against Statewide Theatres Corporation, a Delaware corporation, by Fox Film Corporation, Wesco Corporation, and Fox Wisconsin Corporation, creditors. May 19, 1933, an involuntary petition was filed in the United States District Court for the Eastern District of Wisconsin, against the same company by S. & S. Operating Company, Kenosha-Orpheum Theatre Company, and Jeffris Theatre Company, creditors. May 26, 1933, Statewide Theatres Corporation filed in this court its voluntary petition in bankruptcy and on the following day an adjudication was entered. May 26, 1933, the creditors who had filed the involuntary petition in Wisconsin filed in the voluntary proceeding in this court (No. 992) a petition pursuant to section 32 of the Bankruptcy Act (11 USCA § 55) and General Order 6 (11 USCA § 53), seeking the relinquishment of jurisdiction by this court and the transfer of the proceedings here to the District of Wisconsin for consolidation with the proceedings there pending against the bankrupt. June 1, 1933, a like petition by the same creditors seeking the same relief was filed in this court in the involuntary proceeding (No. 990). To the petition to transfer filed in the voluntary proceeding an answer

has been filed by the bankrupt. The matter has been heard on affidavits.

Section 32 reads: "In the event petitions are filed against the same person, or against different members of a partnership, in different courts of bankruptcy each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest."

General Order 6, after providing for hearing and adjudication in cases where two or more petitions are filed against the same person in different districts, provides: "But the court so retaining jurisdiction shall, if satisfied that it is for the greatest convenience of parties in interest that another of said courts should proceed with the cases, order them to be transferred to that court."

The sole question before the court is whether or not a transfer of the proceedings in Delaware to Wisconsin would be "for the greatest convenience of the parties in interest." While the Bankruptcy Act does not define "greatest convenience" or "parties in interest" as those phrases are used in section 32 and General Order 6, they have been defined by this and other courts. The "parties in interest" include not only general unsecured creditors but secured creditors, the bankrupt, and every other party whose pecuniary interest is affected by the proceeding. "Greatest convenience" depends upon many circumstances. The proximity to the court of the creditors, of the bankrupt, of the assets, and other factors determine the question of greatest convenience for the orderly, economical, and efficient administration of the assets. In re United Button Co. (D. C.) 137 F. 668. In re Devonian Mineral Spring Co. (D. C.) 272 F. 527.

There are only about thirty-two creditors. According to the analysis made by counsel seeking removal, twelve with alleged claims aggregating $72,421.34, excluding reserve for 1933 taxes, have filed affidavits in support of the application for removal; four creditors with claims aggregating $36,969.53 are opposed to removal; and sixteen creditors have not appeared or filed affidavits indicating any preference. Counsel opposing removal contends that only nine creditors with claims aggregating $27,424.24 seek a removal, and that five creditors with claims aggregating $44,796.59 are opposed. It is apparent a serious conflict between different interests exists as to the validity of claims

against the bankrupt estate. Nearly all of the creditors live or have their business offices in Wisconsin. Two or three are in Chicago. Possibly two are in New York. Upon this showing alone it may well be that the petitioners have not borne the burden resting upon them to show by a clear preponderance of evidence that this court should relinquish jurisdiction. However, to determine the validity of many of the claims it will be necessary to call witnesses and produce numerous books and documents located in the Eastern District of Wisconsin.

Certain crucial facts are clear. The bankrupt was organized under the laws of Delaware in January, 1933. Its principal office and place of business is in the city of Milwaukee, Wis. Its books, records, and papers are kept there. From that office it has conducted its business and entered into its contracts. Its principal asset consists of leaseholds of thirteen motion picture theaters. Twelve of the theaters are within the Eastern District of Wisconsin and the remaining one in the adjoining Western District. It has no property in the District of Delaware. A receiver of the bankrupt appointed by the District Court in Wisconsin in the proceeding there pending has taken possession of all of its property in that district. That receiver has carried on the business under orders of the Wisconsin court. The income from operations of the theater properties has been in excess of operating expenses exclusive of rent and taxes. This court will take judicial notice that a moving picture theater in operation possesses a certain good will due to those who patronize it. If operations were discontinued this good will would be lost. It is obviously undesirable to discontinue operations of theater properties before final liquidation. If these theaters are to be operated pending the appointment of a trustee and a determination of the question of final liquidation, such operation can be carried on more economically and efficiently by the District Court in Wisconsin than by this court one thousand miles away.

There is another matter of equal if not greater importance. All of the thirteen leaseholds now held by the bankrupt were acquired by assignment from Midwesco Theatres, Inc., a Delaware corporation. All of the stock of the bankrupt is held by Wesco Corporation, one of the petitioning creditors. The assignments of leases to the bankrupt (all substantially alike) provide: "Said Statewide Theatres Corporation does hereby assume said lease as modified and amended, and agrees with said Midwesco Theatres, Inc.

to be bound by and keep, perform and comply with all terms, covenants and conditions of said lease, as modified and amended, and pay such rents and charges therein reserved."

It is apparent from the affidavits submitted that grave questions will arise concerning the liability of the bankrupt or Midwesco Theatres, Inc., under the leases for taxes accrued and accruing. The trustee of Midwesco is in Wisconsin. Obviously it would be more convenient and economical to have a trustee for the bankrupt also in Wisconsin.

This court should relinquish jurisdiction and transfer the proceedings to Wisconsin.