## In re REPUBLIC GAS CORPORATION.
### No. 1015.

District Court, D. Delaware.

Feb. 23, 1934.

William G. Mahaffy, of Wilmington, Del., and William M. Hope, of Dover, Del., for creditors filing petition to transfer.

Harry W. Lunger (of Hastings, Stockly & Duffy), of Wilmington, Del., for the trustee in bankruptcy.

Donald C. Swatland (of Cravath, deGersdorff, Swaine & Wood), Ernest G. Fifield (of White & Case), and Norman Bowersox, all of New York City, for creditors objecting to transfer.

NIELDS, District Judge.

This is a petition to transfer a bankruptcy case from this district to the Southern District of Texas. September 25, 1933, Republic Gas Corporation, a corporation of Delaware, filed in this court its voluntary petition in bankruptcy, and on the same day an adjudication was entered. October 17, 1933, an involuntary petition was filed in the District Court for the Southern District of Texas, Houston Division, by creditors of the bankrupt against the bankrupt and eight of its subsidiaries. October 20, 1933, a trustee was elected in this proceeding and duly qualified. October 30, 1933, the creditors who had filed the involuntary petition in Texas filed in this court a petition for the dismissal of the voluntary petition or, in the alternative, for a transfer of the proceedings to Texas. The petition for dismissal has not been pressed. To the petition to transfer, the bankrupt and sundry creditors have filed answers and motions to dismiss. In view of the conclusion reached, it is unnecessary to pass upon the motions to dismiss.

■■■ The transfer of cases is provided for by section 32 of the Bankruptcy Act (11 USCA § 55) and General Order 6 (11 USCA § 53). Section 32 reads:

"In the event petitions are filed against the same person, or against different members of a partnership, in different courts of bankruptcy each of which has jurisdiction, the cases shall be transferred, by order of the courts relinquishing jurisdiction, to and be consolidated by the one of such courts which can proceed with the same for the greatest convenience of parties in interest."

General Order 6, after providing for hearing and adjudication in cases where two or more petitions are filed against the same person in different districts, provides: "But the court so retaining jurisdiction shall, if satisfied that it is for the greatest convenience of parties in interest that another of said courts shall proceed with the cases, order them to be transferred to that court."

The bankrupt was a holding company owning and holding stocks and bonds of other corporations engaged principally in the business of producing and selling in Texas oil, gas, sand, gravel, and ballast. The principal office of the bankrupt and of its subsidiaries was at Houston, Tex.

The burden of establishing by a fair preponderance of evidence that it would be for the greatest convenience of the parties in interest to transfer this case to Texas is upon the petitioners. "Greatest convenience" and "parties in interest" have been defined by this court. In re United Button Co. (D. C.) 137 F. 668; In re Statewide Theatres Corporation (D. C.) 4 F. Supp. 86.

The amended schedules list twenty unsecured creditors having claims aggregating $4,749,300.50. The largest single creditor is Continental Supply Company of St. Louis, Mo., in the sum of $1,659,262.79. The next two largest creditors are Saxet Gas Company and Moody-Seagraves Producing Company of Houston, Tex., with claims, including interest, aggregating $2,346,158.35. The next in amount is Saxet Sand & Gravel Company, of Houston, Tex., in the sum of $481,378.99. The last three creditors are subsidiaries of the

bankrupt. Two preferred stockholders are listed as unsecured creditors in the aggregate amount of $184,038.63. Both reside in Texas. Of the fourteen remaining creditors holding unsecured claims amounting to $86,572.19, three reside in Texas, one in Pittsburgh, Pa., five in New York, two in Illinois, and two in Oklahoma. Practically all of the above unsecured creditors have filed proofs of claim with the referee in this district. The amended schedules list two secured creditors, Moody-Seagraves Company, of Houston, Tex., in the sum of $161,400, and Manufacturers' Trust Company, of New York, as trustee for holders of bonds of the bankrupt amounting with interest to upwards of $8,000,000.

Seeking transfer we have the four petitioners. Lawler as receiver of Moody-Seagraves Company holds a promissory note of the bankrupt in the sum of $150,000 with bonds of the bankrupt to the amount of $200,000 pledged to secure this and other notes of the bankrupt; L. C. Oldham, owner of two bonds of the bankrupt of $1,000 each; Malloy H. Miller, owner of three bonds of the bankrupt of $1,000 each; and C. A. Baker, owner of two bonds of the bankrupt of $1,000 each. No other creditor, secured or unsecured, has appeared supporting the application to transfer.

Opposed to the transfer are the bankrupt; Continental Supply Company, an unsecured creditor in the amount of $1,730,448.09; Barrow, Wade, Guthrie & Co., an unsecured creditor in the sum of $3,311.75, also holding $5,000 of bonds; De Hydro, Inc., an unsecured creditor in the sum of $964.22; Pittsburgh Equitable Meter Company, an unsecured creditor in the sum of $4,235.99; F. M. Thayer and Clyde L. Paul on behalf of a committee representing bonds of the bankrupt in the amount of $6,065,500 out of a total of $7,791,500; the National Bank of Commerce of Houston, the City National Bank of Galveston, and American National Insurance Company, owners of bonds in the amount of $898,000. Aside from the amounts owing by the subsidiaries to the bankrupt, the majority of creditors of the bankrupt both in number and amount reside nearer Wilmington, Del., than Houston, Tex.

The petition to transfer and voluminous papers filed by the petitioners in support thereof recite in great detail the history of the bankrupt and its various subsidiaries, the appointment of Lawler as receiver in a state court in Texas, the removal of the cause to a federal court, the alleged abandonment of the bankrupt and its subsidiaries by their officers and the appointment of dummy officers under the domination and control of one James R. Buck of Chicago and his associates, and an attempt by Buck and his associates to put through a plan of reorganization of the bankrupt which is unfair and inequitable to the stockholders of the bankrupt. The question of "greatest convenience" in the administration of the bankrupt estate should not be obscured by a mass of evidence upon what appears to be a controversy between conflicting interests of bondholders and stockholders touching a plan of reorganization not incident to the administration of the bankrupt estate. The fairness of the plan of reorganization should be presented to the proper tribunal for consideration. With it this court is not now concerned. Moreover, proceedings were instituted by the Manufacturers' Trust Company in the Southern District of New York on May 31, 1933, to foreclose the indenture securing the bonds of the bankrupt. If there be any equity in the property covered by that indenture, it is obvious that it would be more convenient for a trustee administering the estate in Delaware to participate in the foreclosure proceedings in New York than for a trustee in Texas.

It is of importance that the Bankrupt Act be harmoniously administered in the several District Courts. But, where the court in the district of the domicile of a corporation has first acquired jurisdiction, entered an adjudication and undertaken the administration of the estate, jurisdiction should not be relinquished unless it be shown, by a fair preponderance of the evidence, that the court of another district can proceed with the case for the greatest convenience of parties in interest. The petitioners have not met this burden. The six-month period for filing claims will soon expire. A transfer of the proceedings to Texas will necessarily result in confusion, expense, and loss of time in the administration of the estate.

The prayer of the petition to transfer must be denied, and the petition dismissed.