**In the Matter of FAIRFIELD PUERTO RICO, INC., Debtor.**

**No. BK–71–49.**

United States District Court, D. Delaware.

Nov. 4, 1971.

1. Plaintiff cites Perry v. Augustine, 37 Pa.D. & C.2d 416, 17 A.L.R.3d 1149 (Mercer County, Pa.1965) and Hempfield Joint Area School Bldg. Authority v.

Tectum Corp., 2 U.C.C. Reporting Service 518 (Westmoreland County, Pa.1965) in support of this argument.

David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Robert E. Schneider, Jr., San Juan, P. R., of counsel, for the Municipality of San Juan.

Edward B. Maxwell, II, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., and Thomas M. Haderlein, Francis D. Morrissey and John E. Morrow, of Baker & McKenzie, Chicago, Ill., of counsel, for Fairfield Engineering Co.

H. Albert Young and Edward B. Maxwell, II, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for Fairfield Puerto Rico, Inc., the debtor-in-possession.

## OPINION AND ORDER

LATCHUM, District Judge.

The matters before the Court are two motions to transfer a proceeding for an arrangement filed under the Bankruptcy Act. The Municipality of San Juan, Puerto Rico, ("Municipality"), with whom Fairfield Puerto Rico, Inc., ("the debtor-in-possession") has a lease contract for the construction and operation of a composting plant for processing of

refuse of the Municipality, has moved to transfer this Chapter XI proceeding to the United States District Court for the District of Puerto Rico. Fairfield Engineering Company, ("Fairfield"), a scheduled, unsecured creditor of the debtor-in-possession to the extent of $2,284,630.58, has moved to transfer these proceedings to the Northern District of Ohio (Western Division), where it maintains its principal place of business. However, Fairfield in its memorandum treats its motion to transfer as alternative relief to retaining jurisdiction in this Court. The debtor-in-possession resists the transfer motion of the Municipality and desires the proceedings to remain in this Court, although it does not oppose a transfer to the Northern District of Ohio.

On May 17, 1971, Fairfield Puerto Rico, Inc., a Delaware corporation and a wholly owned subsidiary of Fairfield filed a petition for composition and arrangement under Chapter XI of the Bankruptcy Act. The Referee in Bankruptcy permitted the petitioning debtor to become a debtor-in-possession.

From the Statement of Affairs, Schedules, Affidavits and Monthly Reports filed, it appears that the debtor-in-possession undertook by assignment a lease contract with the Municipality containing obligations to construct and operate a composting plant for the processing of refuse capable of processing daily up to 300 tons of refuse of the Municipality. After several set backs, the composting facilities became operational but the end-product could not be marketed because the United States Food and Drug Administration ("FDA") refused to approve the compost for use on edible crops either as a pesticide or herbicide adjuvant or as a fertilizer. After stockpiling compost on all available space at the plant facility and faced with mounting financial losses of approximately $6.66 per ton of refuse processed, the debtor-in-possession, curtailed operations on February 19, 1971, and ultimately filed its Chapter XI Petition in this District. The debtor-in-possession then received a formal notice of default from the Municipality. Shortly thereafter, and possibly before it knew that the Petition had been filed, the Municipality demanded the physical delivery of the compost plant under the default and termination provisions of the lease contract.

The debtor-in-possession's present management consists primarily of maintaining a security force to protect the San Juan plant and paying for insurance and utility services.

Jurisdiction and venue are conceded to be in the Delaware District. The motions to transfer are brought under § 32(c) of the Bankruptcy Act (the "Act"), 11 U.S.C. § 55(c), which provides:

"c. The judge may transfer any case under this title to a court of bankruptcy in any other district, regardless of the location of the principal assets of the bankrupt, or his principal place of business, or his residence, if the interests of the parties will be best served by such transfer."

This Court should not freely abandon to any other district its duty to determine a matter clearly within its jurisdiction. In re United Button Co., 137 F. 668, 672 (D.Del.1904). The burden of proof test varies from "discretion to retain jurisdiction should be exercised with great caution and in few cases," In re Bankers Trust, 403 F.2d 16, 23 (C.A. 7, 1968) quoting In re S. O. S. Sheet Metal Co., 297 F.2d 32 (C.A.2, 1961), to a bankruptcy proceeding "should not lightly be shifted to another" court, and the "party seeking the transfer must bear the burden of showing that the interest of justice would be better served by the transfer." In re Miller, 172 F. Supp. 208, 209–210 (D.Kan.1959). This Court in other § 32 cases has consistently held that the burden of proof is upon the petitioning creditors requesting transfer with the quantum of the burden being a "fair preponderance of the evidence." In re Triton Chemical Corporation, 46 F.Supp. 326, 328 (D.Del. 1942); In re Republic Gas Corporation, 6 F.Supp. 70 (D.Del.1934). While the

cited Delaware cases were determined under subsection (a) of § 32 of the Act, 11 U.S.C. § 55(a), there appears to be no valid reason to change either the party upon whom the burden of proof is placed or the quantum of that burden under § 32(c) of the Act.

Under § 32(a) of the Act "parties in interest" include not only unsecured creditors, but also secured creditors and the bankrupt or, as in this case, the debtor-in-possession. In re State-wide Theatres Corporation, 4 F.Supp. 86, 87 (D.Del.1933); In re Okmulgee Producing & Refining Co., 265 F. 736, 739 (D.Del.1920); In re United Button Co., 137 F. 668, 672 (D.Del.1904). For purposes of determining who is a "party," there is no reason to distinguish between "parties in interest" as used in Section 32(a) of the Act and "interests of the parties" as used in § 32(c). Accordingly, it is held the debtor-in-possession and Fairfield are parties in interest within the meaning of § 32(c) of the Act.

The test for transfer under § 32(c) is whether "the interests of the parties will be best served by such transfer." The statute does not set forth an all inclusive list of factors to be considered in applying the test. However, § 32(c) is clear that the location of principal assets and the location of principal place of business or residence does not necessarily control whether transfer should be ordered. Determinative factors will vary with each case.

The parties here are in substantial agreement in delineating the controlling considerations for transfer, but are not in accord in applying those factors to the instant case.

Factors considered are (1) proximity of creditors to the Court whether they be priority, secured, or unsecured, (2) proximity to the Court and choice of forum of the debtor-in-possession, (3) location of books, records and witnesses essential to the administration of the estate, (4) location of assets, (5) economic and efficient administration of the Chapter XI proceedings, and, (6) the necessity for ancillary administration if bankruptcy should result. See: In re Triton Chemical Corporation, supra, 46 F.Supp. at 329.

According to the Amended Schedules there is a secured creditor located in Puerto Rico whose claim is $75,000. plus interest. There is approximately $13,-476.41 in potential priority claims. The priority claimants, all treated as originating in San Juan, include five wage claimants aggregating less than $250. in wages, the Municipality ($3,000. for rent), the Commonwealth of Puerto Rico and the United States. There are twenty-three non-priority, unsecured claimants, twenty-one of whom are located in San Juan. Of the remaining two unsecured creditors, one is from Massachusetts in a nominal amount of $382.16 while the other is Fairfield of the Northern District of Ohio representing $2,284,630.58 of the total unsecured indebtedness, including priority claimants, of $2,320.054.58. In summary, the overwhelming number of all creditors are from San Juan, Puerto Rico, while the amount owed creditors is by a similar overwhelming percentage from the Northern District of Ohio, but the Ohio creditor does not oppose retention of jurisdiction in Delaware.

The principal office, payroll, accounts receivable and accounts payable ledgers are in San Juan while all other books, principal records and officers are in the Northern District of Ohio with the exception of one officer who lives in Pennsylvania. Presumably, the officers and Puerto Rican officials would be necessary witnesses for the administration of the estate.

Most, if not all, of the physical assets of the debtor-in-possession, valued at over Two Million Dollars, are located in San Juan.

The plant is not operating in San Juan except for the maintenance of a security force, utilities and insurance. Therefore, supervision by the Court of an operating business with a possible "emergency" situation requiring Court

resolution is not now anticipated. Success of this Chapter XI proceeding is dependent upon securing FDA approval and the subsequent development of markets for the end compost product processed at the plant. Activities toward these ends will be centered in Washington and its proximity in the continental United States and not in Puerto Rico. If FDA approval or subsequent market development does not progress satisfactorily, it would appear that the Chapter XI proceeding will fail.

Because of the circumstances outlined above, a creditors' committee would be of little or no aid. Therefore, while an election of a creditors' committee might cause problems without transfer, the issue of the eligibility of Fairfield to vote its claim in electing either a creditors' committee or nominating a stand-by trustee may never arise and need not be determined at this time. The Municipality's argument of possible domination of the proceeding by the debtor-in-possession and Fairfield fails when viewed in the context of the facts and the overriding duty of the Court to impartially consider all interests.

A factor which the Court cannot ignore is the necessity for ancillary administration in the event there is an adjudication. Anticipation of the failure of the Chapter XI proceeding is an illogical basis upon which to predicate a transfer. On the other hand, avoidance by this Court of ancillary administration may be desirable where no assets, except bank accounts, are located in this District.

◼ Weighing all of the foregoing factors and being especially impressed with the fact that the plant is non-operating, and that the formulation of a plan of arrangement depends primarily on efforts and activities which are centered in the eastern part of the United States, the Court concludes that the movants have failed to carry their burden of proof in support of transfer. Both transfer motions, therefore, will be de-

nied but with leave granted to the Municipality of San Juan to renew its motion in the event there is an adjudication under the Bankruptcy Act.