**In re James W. WILSON, Jr., Debtor.**

**Bankruptcy No. 90–03961–APG.**

United States Bankruptcy Court, M.D. Alabama, N.D.

April 23, 1993.

---

John P. Whittington, Sherri Tucker Freeman, Bradley, Arant, Rose & White, Birmingham, AL, for Crossroads Mall.

Robert B. Rubin, Burr & Forman, Birmingham, AL, Josiah M. Daniel, III, Winstead Sechrest & Minick, P.C., Dallas, TX, for Wells Fargo.

## OPINION ON MOTION FOR TRANSFER OF VENUE OF INVOLUNTARY BANKRUPTCY CASE

A. POPE GORDON, Bankruptcy Judge.

Crossroads Mall Associates filed a motion under Fed.R.Bankr.Proc. 1014(b) to transfer to this court the involuntary chapter 11 bankruptcy case pending against Crossroads Mall Associates in the United States Bankruptcy Court for the Northern District of Texas.

Wells Fargo Realty Advisors Funding, Inc. objected to the motion.

The motion came on for hearing on April 13, 1993 at which both parties adduced evidence in support of their respective positions on the motion.

The matter was taken under advisement based on the evidence adduced at the hearing, affidavits of record, and briefs and arguments of counsel.[1]

Wells Fargo filed the involuntary chapter 11 petition against Crossroads Mall Associates on February 26, 1993 in the United States Bankruptcy Court for the Northern District of Texas.

Crossroads Mall Associates filed the instant motion under Fed.R.Bankr.Proc. 1014(b) to transfer the Crossroads case to this court.

Fed.R.Bankr.P. 1014(b) provides in part as follows:

---

**1.** This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). These findings of fact and conclusions of law are made pursuant to Fed.R.Bankr.Proc. 7052.

If petitions commencing cases under the Code are filed in different districts by or against ... a partnership and one or more of its general partners, ... on motion filed in the district in which the petition filed first is pending ... the court may determine, *in the interest of justice or for the convenience of the parties*, the district ... in which the ... case ... should proceed (emphasis added).

Crossroads Mall Associates is a general partnership formed in Texas in 1979. James W. Wilson, Jr. is the managing general partner of Crossroads Mall Associates and owns a 50% general partner interest in Crossroads.[2]

■ A voluntary chapter 11 case filed by James W. Wilson, Jr. in October 1990 is currently pending in this court.[3] The motion to transfer venue was properly filed in this court under Fed.R.Bankr.Proc. 1014(b).[4]

The issue presented is whether it is "in the interest of justice or for the convenience of the parties" to transfer the Crossroads case to this district.[5]

The Crossroads case should be transferred to this district only if "the interest of justice" or "the convenience of the parties" would be better served by administering the case in this district. "[T]he court should exercise its power to transfer cautiously." *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1241 (5th Cir.1979).[6]

### The Interest of Justice

■ "The 'interest of justice' is a broad and flexible standard which contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness."[7]

"[T]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate."[8]

■ The sole asset of Crossroads Mall Associates is a shopping mall known as "Crossroads Mall" located in Greenville, Texas.

Jim Wilson and Associates, Inc. performs all management services for the mall through a management contract with Crossroads Mall Associates. Wilson and Associates' principal place of business is

---

**2.** The other general partner of Crossroads is Greenville Crossroads Mall Associates, Ltd., an Alabama Limited partnership. James W. Wilson, Jr., is an equity holder in Greenville Crossroads Mall Associates, Ltd.

**3.** Wells Fargo contends that the James W. Wilson, Jr. case is not "pending" in this court within the meaning of Rule 1014(b). Wells Fargo is correct that the Wilson chapter 11 plan of reorganization has been confirmed, the plan has been substantially consummated, and administration of the case has been completed but for the ministerial duty of issuing a final decree. However, all the rule requires is a "pending" case. A case under chapter 11 is "pending" from its inception until the final decree enters and the case is closed. *See* Black's Law Dictionary 1134 (6th ed. 1990). Although the court's jurisdiction is somewhat limited after a plan has been confirmed, the court has jurisdiction of a bankruptcy case until the case is closed—provisions of the plan notwithstanding.

**4.** Wells Fargo contends that Wilson became a "reorganized debtor" upon confirmation of his chapter 11 plan of reorganization and became a legal entity separate and distinct from Wilson as a preconfirmation individual. Wells Fargo states that no bankruptcy petition is pending against Wilson the "reorganized debtor." Such a construction unnecessarily limits the plain language of Rule 1014(b). Wells Fargo does not dispute that Wilson was a general partner of Crossroads prior to confirmation of his chapter 11 plan and continues to be a general partner of Crossroads subsequent to confirmation of his chapter 11 plan of reorganization.

**5.** The Crossroads case could have properly been initiated in either the Northern District of Texas where its principal asset is situated or the Middle District of Alabama where the James W. Wilson, Jr. case is pending. *See* 28 U.S.C. § 1408.

**6.** *In re Commonwealth Oil Refining Co.* is binding on this court. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981). Both parties agree that *Commonwealth Oil* is the authority which governs resolution of the instant issue.

**7.** *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 149 B.R. 365 (Bankr.S.D.N.Y.1993).

**8.** *Commonwealth*, 596 F.2d at 1247.

Montgomery, Alabama.[9]

Wilson & Associates employs an on-site manager to handle the daily operations of the mall. The mall tenants make rent payments directly to Wilson & Associates. Wilson makes the management decisions and conducts lease negotiations for Crossroads as president of Wilson & Associates.

The books and records of Crossroads Mall are located and maintained in Montgomery, Alabama. The primary checking and money market accounts of Crossroads are maintained in Montgomery, Alabama. The accountants for Crossroads are also located in Montgomery, Alabama. All bills of creditors of Crossroads are approved and paid from Montgomery, Alabama.

The court concludes that Montgomery, Alabama is the principal place of business of Crossroads Mall Associates.

However, the principal asset of Crossroads Mall Associates is situated in Greenville, Texas.

■ In a chapter 11 case, venue is generally appropriate in the district where the partnership offices are located.[10]

A corporate arrangement or reorganization is primarily a financial proceeding. The debtor is maintained as a going enterprise and its finances are put back in order.... Where the corporation transacts its corporate business is a logical place for venue in such proceedings.[11]

The Crossroads case is in the initial stages of administration. No substantive or procedural matters have been determined by the bankruptcy court in Texas. This court is not aware of any reason why the estate could not and would not be administered timely and fairly in either district.

However, the Middle District of Alabama is the logical district for administration of the case because of the location of the managing office and staff.

The court concludes that the transfer will promote the "interest of justice" unless the transfer would adversely affect administration because of inconvenience to the parties in interest.

### Convenience of the Parties

■ The bankruptcy court in *Commonwealth* enumerated six factors to be considered in determining whether a transfer should be made for the convenience of the parties:

(1) The proximity of creditors of every kind to the Court;

(2) The proximity of the bankrupt (debtor) to the Court;

(3) The proximity of the witnesses necessary to the administration of the estate;

(4) The location of the assets;

(5) The economic administration of the estate;

(6) The necessity for ancillary administration if bankruptcy should result.

*Commonwealth,* 596 F.2d at 1247.

**Location of Creditors.** The two largest creditors of Crossroads by far are Wells Fargo (approximately $2,675,000) and Wilson (approximately $6,500,000).

Wilson resides in this district and favors transferring the case to this district.

Wells Fargo is a Colorado corporation with offices throughout the United States and is qualified to do business in Alabama. This creditor would not be unduly inconvenienced by a transfer.

The trade creditors are the most numerous group of creditors. Their debts aggregate approximately $20,000.00. However, not all of these creditors are located in Greenville, Texas.

---

9. Wilson is the sole stockholder and president of Wilson and Associates. Wilson & Associates was formerly a chapter 11 debtor in this court. The case closed December 7, 1992 after a plan of reorganization was confirmed.

10. In a chapter 11 case, "[T]he location of a debtor's assets is not particularly significant since the adoption of Rule 116." *Commonwealth,* 596 F.2d at 1246. Fed.R.Bankr.P. 1014(b) is derived from Rule 116 which contained venue as well as transfer provisions. 8 *Collier on Bankruptcy* ¶ 1014.01 (15th ed. 1992).

11. *Commonwealth,* 596 F.2d at 1246.

In addition, the claims of small creditors are not likely to be disputed. A claim which is not scheduled as disputed, contingent, or unliquidated is deemed filed as scheduled in the petition. 11 U.S.C. § 1111. Therefore, it is unlikely that these creditors will sustain inconvenience by their proximity either to this court or the court in Texas.

The court concludes that the location of the creditors favors transfer to this district.

**Location of the Debtor.** As noted, the location of the principal place of business of the debtor in this district favors transferring the case to this district.

**Location of Witnesses.** In managing Crossroads, Wilson employs accountants, an appraiser, and other personnel in this district who will assist in formulating a reorganization plan. The personnel ultimately managing the debtor are located in Montgomery, Alabama.

Wells Fargo argues that inconvenience will result because it plans to use a Texas appraiser and Texas witnesses in any 11 U.S.C. § 506 valuation hearing or § 362(a) stay motion. The argument assumes that these proceedings will become necessary. However, the course of the other chapter 11 proceedings and negotiations may well render them unnecessary.

The court concludes that the general convenience of the Crossroads witnesses to this district outweighs this possible inconvenience to Wells Fargo.

**Location of Assets.** Although Crossroads' shopping mall is located in Texas, "[t]his is of little importance in a [chapter 11] proceeding where the goal is financial rehabilitation, not liquidation." [12]

**Economic Administration of the Estate.** Crossroads can reorganize more economically using the personnel and facilities of its managing office in this district. However, a liquidating trustee located near to the mall site could undoubtedly liquidate the assets of the estate more economically.

**Necessity for Ancillary Administration.** "Anticipation of the failure of the [chapter 11] proceeding is an illogical basis upon which to predicate a transfer." [13]

### Conclusion

Although the standard for transfer of a case under Fed.R.Bankr.Proc. 1014(b) ("in the interest of justice or for the convenience of the parties") is stated in the disjunctive, the two factors considerably overlap.[14]

The court concludes that the facts of this case under either of these standards would warrant a transfer. However, out of the exercise of caution, both standards have been considered.

An appropriate order transferring the case will enter separately.

---

**12.** *Commonwealth,* 596 F.2d at 1248, citing *In re Banker's Trust,* 403 F.2d 16, 23–24 (7th Cir. 1968).

**13.** *Commonwealth,* 596 F.2d at 1248, quoting *In re Fairfield Puerto Rico, Inc.,* 333 F.Supp. 1187, 1191 (D.Del.1971).

