**In re ONE–EIGHTY INVESTMENTS, LTD., Debtor.**

**Bankruptcy No. 81 B 8142.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Oct. 6, 1981.

Gerald Drought, San Antonio, Tex., and Kenneth Marcus, Chicago, Ill., for First Intern. Banks of San Antonio.

Eric Macey of Levy & Erens, Chicago, Ill., for debtor.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Motion of First International Bank of San Antonio, Creditor of the above-named Debtor, for change of venue pursuant to section 1475 of title 28 to the United States Code, and said Motion having been opposed by One-Eighty Investments, Ltd., Debtor; Colony Investments, a secured creditor; and several unsecured creditors, and the parties appearing by their respective attorneys, and

The Court having examined the Motion, and having received and examined the Memoranda of Law submitted by the parties in support of their respective positions, and having received and examined the Affidavits submitted by the parties, and having heard the arguments of counsel, and the Court being fully advised in the premises;

The Court Finds:

1. On July 7, 1981, One-Eighty Investments, Ltd., an Illinois limited partnership, filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

2. On August 4, 1981, before the first meeting of creditors was held, First International Bank of San Antonio filed a Motion requesting that this Court transfer the bankruptcy proceeding to the United States Bankruptcy Court for the Western District of Texas.

3. First International Bank of San Antonio concedes that venue is proper in the Northern District of Illinois since the principal place of business of the Debtor is and has been located in said District. They contend, however, that the Bankruptcy Court for the Western District of Texas would be the most convenient forum and transfer to said District would be in the interest of justice.

4. Section 1475 of title 28 to the United States Code provides that "[a] bankruptcy court may transfer a case under title 11 . . . to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties."

5. The Debtor's principal asset is an apartment complex located in San Antonio, Texas; and the operation of the complex constitutes, almost exclusively, the business of the Debtor. The Debtor has its office at 180 North La Salle Street, Chicago, Illinois from which the sole general partner, Herbert L. Rudoy, conducts the business of the Debtor, including financial and managerial matters. The day-to-day operations of the apartment complex, however, are conducted by MLR, Inc., a management company located in San Antonio, Texas.

6. One-Eighty Investments, Ltd. has thirty-eight limited partners. Thirty-three of the limited partners are residents of Illinois. One limited partner is a resident of Texas.

7. Movant, First International Bank of San Antonio, is a National Banking Association located and having its principal place of business in San Antonio, Texas. Movant, Debtor's largest creditor, has a claim against the Debtor in excess of 3.3 million dollars with interest accruing at the rate of $1,071.98 per diem, secured by a wraparound mortgage on the apartment complex owned by Debtor in San Antonio, Texas.

8. The list of creditors and ten largest creditors filed by the Debtor reflects that: all of the ten largest unsecured creditors are located in San Antonio, Texas; of forty-four total creditors listed, seven are located outside of San Antonio, and of those, only two are located outside of the State of Texas; no creditors are located in the State of Illinois.

9. Colony Investments, a joint venture, is the Debtor's second largest creditor having a claim approximating 2.3 million dollars. They are secured by the same apartment complex located in San Antonio, Texas as is First International Bank of San Antonio.

10. A Response to the Motion for change of venue, opposing said Motion, was filed on behalf of Colony Investments. In this Response, it is stated that Bruco, Inc., an Illinois corporation whose principal business offices are located in Illinois, is the managing venturer for the joint venture, Colony Investments. It is further stated that Bruco, Inc. adopts on behalf of Colony Investments the position of the Debtor in opposition to the Motion for change of venue.[1]

11. A Memorandum was filed on behalf of seven unsecured creditors in opposition to the Motion for change of venue.[2] The aggregate amount of the claims represented by these seven creditors is approximately $13,000.00. All of these unsecured creditors are located in San Antonio, Texas and have no office in the State of Illinois. It is their position that a reorganization is more likely to be successful if the bankruptcy is not transferred to Texas.

12. The Debtor, One-Eighty Investments, Ltd., has filed Memoranda in opposition to the Motion for change of venue.

13. The United States Trustee for the Northern District of Illinois has taken no position with regard to the Motion for change of venue.

14. One day prior to filing of the voluntary petition under chapter 11, the Debtor filed a suit in the District Court of Texas against First International Bank of San Antonio, et al., seeking *inter alia* the entry of an injunction restraining the First International Bank of San Antonio from conducting a trustee's sale of the apartment complex which is Debtor's principal asset, and for damages. The suit has since been removed to the United States Bankruptcy Court for the Western District of Texas,

---

1. Uptmore & Associates, Inc., is one of the members of the joint venture, Colony Investments. Uptmore & Associates, Inc., filed a Motion on behalf of Colony Investments for transfer of the bankruptcy case to the Bankruptcy Court for the Western District of Texas. Uptmore & Associates, Inc., is a Texas corporation with its principal office located in San Antonio, Texas. In its Motion, Uptmore & Associates, Inc., claims to be the managing venturer of the joint venture. The Debtor, along with attorneys representing Bruco, Inc., objected to the standing of Uptmore & Associates, Inc. to file a pleading on behalf of Colony Investments, arguing that Bruco, Inc. was the managing venturer. An agreement stipulated to by the parties to be the joint venture agreement was submitted to the Court. It provides that Uptmore & Associates, Inc. is the managing venturer. It further provides that the parties can amend the agreement by unanimous consent. The Debtor was prepared to present evidence that the agreement had been amended, and that Bruco, Inc. was the managing venturer. The matter was continued for hearing on this issue. At the following court session, Uptmore & Associates, Inc. withdrew its Motion for transfer of the case. Uptmore & Associates, Inc.'s Motion for transfer, therefore, need not be considered by this Court. The Response filed by Bruco, Inc. on behalf of Colony Investments opposing First International Bank of San Antonio's Motion for change of venue has not been objected to as having been filed by a party without standing. Accordingly, said Response opposing a change of venue is given consideration by this Court.

2. Those creditors are as follows: Century Electric; June Supply; MLR, Inc.; Ernie's Carpet; Apartment Search, Inc.; Bill's Electric and Certified Roofing. Subsequently, Ray Jeffrey Cohen, the attorney representing these creditors, filed an appearance on behalf of an eighth creditor, A "Auger Service (sic), who joins in the position taken by the seven unsecured creditors. On September 14, 1981, First International Bank of San Antonio filed two Affidavits of representatives of Certified Roofing and Century Electric. The representatives of these companies in their Affidavit state that they were contacted by MLR, Inc., and asked whether they would be interested in employing an attorney in Chicago to represent their interests in regard to the bankruptcy involving One-Eighty Investments. They further state that the possibility of transfer was never discussed and that they accepted the representation since it involved no cost to them. They do not in their Affidavit request that the appearance and Memorandum filed by Ray Jeffrey Cohen on their behalf be withdrawn and no one has requested that the appearances and Memorandum be disregarded. Accordingly, this Court regards the Memorandum filed on behalf of unsecured creditors as representing the position of all eight unsecured creditors for whom the attorney filing said Memorandum filed appearances. The determination of the exact number of creditors joining in the Memorandum of unsecured creditors, however, is not necessary for this Court to determine the pending venue issue.

and the Debtor has stated that it will seek to transfer that case to this Court.

15. First International Bank of San Antonio maintains that in the action against the Bank, venue will not be proper in the Northern District of Illinois and the action will have to proceed in Texas. First International Bank of San Antonio further argues that this among other factors renders the Bankruptcy Court for the Western District of Texas the more convenient forum for the bankruptcy proceeding.

16. First International Bank of San Antonio relies on section 94 of title 12 to the United States Code which provides that "[a]ctions and proceedings against any [national banking] association ... may be had in any district or Territorial court of the United States held within the District in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." First International Bank of San Antonio maintains that this provision is mandatory.

17. However, section 1473 of title 28 to the United States Code provides that:

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

Section 1473(b) and (d) do not apply to the instant case against First International Bank of San Antonio.

18. Whether or not the action against First International Bank of San Antonio may be transferred to this Court is a decision that will be made by the Judge of the Bankruptcy Court for the Western District of Texas before whom the case is presently pending. 28 U.S.C. § 1475.

The Court Concludes and Further Finds:

1. A court should exercise its power to transfer cases pursuant to 28 U.S.C. § 1475 cautiously. The party moving for the transfer has the burden of proving by a preponderance of the evidence that the transfer would be in the interest of justice and for the convenience of the parties. *In re Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239 (5th Cir. 1979), *cert. denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) [hereinafter cited as "CORCO"]; *In re Fairfield Puerto Rico, Inc.*, 333 F.Supp. 1187 (D.Del.1971); *In re Miller*, 172 F.Supp. 208 (D.Kan.1959).

2. Some of the factors to be considered in deciding whether to retain or transfer have been noted as follows: (1) Proximity of creditors of every kind; (2) Proximity of the debtors to the court; (3) Proximity to the court of the witnesses necessary to the administration of the estate; (4) Location of the assets; (5) Intertwined relationships of debtors; (6) The economical and efficient administration of the estate. *CORCO, supra*, 596 F.2d at 1294; *In re Bankers Trust*, 403 F.2d 16, 23 (7th Cir. 1968); *In re Hudik-Ross Co., Inc.*, 198 F.Supp. 695 (S.D.N.Y.1961).

3. PROXIMITY OF CREDITORS OF EVERY KIND. A large majority of the creditors are located in Texas. The proximity of the limited partners, however, is to be considered by the Court just as the proximity of creditors is. *See CORCO, supra*, 506 F.2d at 1248 (shareholders considered). A large majority of the limited partners are located in Illinois. In addition, the second largest secured creditor and eight of the unsecured creditors have opposed the Motion for change of venue. In sum, the proximity of creditors and limited partners favors Illinois.

4. PROXIMITY OF THE DEBTOR TO THE COURT. The Debtor's principal place of business is Illinois. The sole general partner is a long-time resident and domiciliary of Illinois. The Debtor's accountants are located in Illinois as are their books and records. The managerial and financial decisions are made by the general partner from the Debtor's office at 180 North La Salle Street, Chicago, Illinois. Illinois has a decisive advantage as to the proximity of the Debtor. The First International Bank of San Antonio emphasizes the fact that the day-to-day operation of the Debtor's busi-

ness takes place in Texas. In some cases, such a fact may be a significant consideration. The Debtor's business, however, involves the operation of an apartment building. Operating an apartment building consists of routine and uninvolved matters. The operation of the business will continue relatively uninterrupted by the reorganization proceeding and will require little, if any, special attention.

5. LOCATION OF THE ASSETS. Without question, the principal asset of the Debtor is located in Texas. In a reorganization proceeding, however, the location of the assets of the Debtor is not particularly important. Movant argues that a successful reorganization is not likely and that liquidation will probably result. They indicate that they will seek to lift the automatic stay and if the stay is lifted liquidation will ensue. They maintain that the Debtor has no equity in the building. No evidence has been presented as to that fact. Further, in order for the stay to be lifted, the property must not be necessary for an effective reorganization. Alternatively, relief from the stay will be granted if the creditor's interest is not "adequately protected." If the Debtor provides "adequate protection," however, the stay will remain intact. Moreover, courts have held that "[a]nticipation of the failure of a [reorganization] proceeding is an illogical basis upon which to predicate a transfer." *In re Fairfield Puerto Rico, Inc., supra,* 333 F.Supp. at 1191; *CORCO, supra,* 506 F.2d at 1248.

6. PROXIMITY OF WITNESSES. First International Bank of San Antonio maintains that this factor favors Texas. They note the fact that they will file a complaint to lift the stay and in this regard they will call many witnesses from Texas. They include as likely witnesses: appraisers, property condition inspectors, members of the management, potential lenders and purchasers. There is no indication that potential purchasers or lenders will be from Texas more so than any other area. They state that it is reasonable that numerous creditors' claims will be disputed. They do not, however, indicate with any particularity any expected litigation other than the complaint to lift the stay. Again, it should be noted that of forty-four total creditors listed by Debtor, eight unsecured creditors have requested that the bankruptcy proceed in the Northern District of Illinois. In addition, the second largest creditor has requested the same. In addition, the Debtor's sole general partner resides in Illinois.

In summary, this Court finds that Movant has not sustained its burden in proving that the Bankruptcy Court for the Western District of Texas will be the most convenient forum for witnesses.

7. INTERTWINED RELATIONSHIPS. This factor is not relevant to the instant case.

8. ECONOMICAL AND EFFICIENT ADMINISTRATION. This consideration, though a separate factor, encompasses all of the preceding factors. The location of creditors, partners, the Debtor, witnesses and assets all affect whether one District or another will provide for a more economical and efficient administration and therefore result in a more successful reorganization. Other factors may also have an effect. For example, First International Bank of San Antonio maintains that this bankruptcy case will involve interpretation of Texas state law, including statutory mechanic liens and constitutional liens. The Bankruptcy Court for the Western District of Texas would be more familiar with such law and perhaps could deal with these matters more efficiently than this Court. This factor, however, is not sufficient to justify transfer in light of the other factors which militate against transfer. This Court also considers First International Bank of San Antonio's contention that the Debtor's action against them which is pending in Texas will not be transferred to Illinois because venue would not be proper there due to 12 U.S.C. § 94. However, whether or not that action may be transferred to this Court is a decision that must be made by the Judge of the Bankruptcy Court for the Western District of Texas before whom the case is presently pending. If it was determined that the action against First International

Bank of San Antonio may not be transferred to Illinois because of the applicability of 12 U.S.C. § 94 and the action must proceed in Texas, such fact would not necessitate a transfer of this case to Texas.

In view of the foregoing, this Court concludes that retaining the bankruptcy proceeding in this Court would provide for a more economic and efficient administration than would transfer of the bankruptcy case to the Bankruptcy Court for the Western District of Texas.

9. First International Bank of San Antonio has failed to prove by a preponderance of the evidence that a transfer of this bankruptcy case to the United States Bankruptcy Court for the Western District of Texas would be in the interest of justice and for the convenience of the parties.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of First International Bank of San Antonio for a transfer of this bankruptcy case to the United States Bankruptcy Court for the Western District of Texas, pursuant to section 1475 of title 28 to the United States Code be, and the same is hereby denied.