**In re ISLAND CLUB MARINA, LTD., an Illinois Limited Partnership, Debtor.**

**Bankruptcy No. 82 B 9256.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 17, 1983.

Michael T. McCarthy, Phelan & Doyle, Ltd., Sheldon L. Solow, Schwartz & Freeman, Chicago, Ill., for petitioner.

Jeffrey M. Weston, Chicago, Ill., for respondent.

MEMORANDUM OPINION

FREDERICK J. HERTZ, Bankruptcy Judge.

This controversy involves two motions for change of venue brought by two secured creditors of Island Club Marina, Ltd. (hereinafter referred to as the debtor). Although not consolidated, both Waterways Yacht Club, Inc., (hereinafter referred to as WYC) and North First Bank (hereinafter referred to as the Bank) have requested that this proceeding be transferred to the United States Bankruptcy Court for the Middle District of Florida. WYC claims that venue is improper in the Northern

District of Illinois pursuant to 28 U.S.C. § 1472 (Supp. II 1978), whereas the Bank claims that venue should be changed for the convenience of the parties and in the interest of justice under 28 U.S.C. § 1475 (Supp. II 1978).

The debtor is an Illinois limited partnership registered in Cook County, Illinois. It was formed by two general partners, both residents of Illinois, for the purpose of building a condominium complex on property located in Fort Meyers, Florida. In addition to the proposed condominiums, a restaurant and marina were also to be constructed on this Florida property.

The general partners raised $600,000.00 by selling 25 limited partnership shares. 24⅔ of these shares are owned directly or indirectly by residents of Illinois. The proposed condominium complex was never built, and for all practical purposes, the partnership ceased doing business in Florida in August of 1981. The principal assets of the partnership are the vacant land and the marina in Fort Meyers, Florida. The marina does a small volume of business, and its operations are monitored by a receiver, appointed by a Florida state court.

On July 16, 1982, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. The scheduled fair market value of the debtor's property is $2,250,000.00. The claims of WYC and the Bank, the only scheduled secured creditors, total $1,385,-000.00. Scheduled unsecured debt is about $400,000.00.

The first issue to be determined by this Court is whether venue is proper in the Northern District of Illinois. The relevant portion of Section 1472 provides:

Except as provided in section 1474 of this title, a case under title 11 may be commenced in the Bankruptcy Court for the district—

    (1) in which the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of the person or entity that is the subject of such case have

been located for the 180 days immediately preceding such commencement, or for a longer portion of such 180-day period than the domicile, residence, principal place of business, in the United States, or principal assets, in the United States, of such person were located in any other district. . . .

28 U.S.C. § 1472(1) (Supp. II 1978). Section 1472 is applicable to a partnership by operation of Bankruptcy Code Section 101(30), 11 U.S.C. § 101(30) (1979), which defines "person" as including a partnership.

Refuting WYC's contention that venue is improperly based in the Northern District of Illinois, the debtor submitted an affidavit by one of its general partners. The affidavit states that the debtor's office has always been in Chicago and that all financial and managerial decisions concerning the debtor's business have taken place in Chicago. Moreover, the affidavit states that all of the debtor's books and records are now, and always have been, located in Chicago. WYC has not offered any affidavits to contradict that of the debtor's general partner.

■ Considering that the debtor has been registered as a limited partnership in Cook County, Illinois since November 12, 1980 and that the debtor's books and records and executive office have been maintained in Chicago, Illinois since that time, this court finds that the debtor's principal place of business during the 180 days preceding its Chapter 11 petition was located in the Northern District of Illinois. Accordingly, by operation of Section 1472, venue in the case at bar is proper in the Northern District of Illinois.

The second issue is whether this court should exercise its discretion under Section 1475 to transfer this proceeding to the United States Bankruptcy Court for the Middle District of Florida. Section 1475 provides:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in

the interest of justice and for the convenience of the parties.

28 U.S.C. § 1475 (Supp. II 1978).

As stated in *In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239, 1241 (5th Cir.1979), *cert. denied* 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980) (hereinafter cited as *Corco*), "the court should exercise its power to transfer [venue] cautiously." *See also In re Banker's Trust,* 403 F.2d 16, 23 n. 10 (7th Cir.1968). The party moving for a change of venue must show by a preponderance of the evidence that the case should be transferred. *Corco,* 596 F.2d at 1241.

It is well settled that six factors are weighed when analyzing an application for a change of venue pursuant to Section 1475. *In re One-Eighty Investments, Ltd.,* 18 B.R. 725, 728–29 (Bkrtcy.N.D.Ill.1981), *citing Corco,* 596 F.2d at 1247–48. The six factors and their application to the situation at hand are as follows:

1. *Proximity of Creditors of Every Kind.* As stated previously, both of the secured creditors are located in Florida. Their claims total $1,385,000.00. Forty-three of the forty-nine general unsecured creditors are also located in Florida. However, almost three-quarters of these unsecured creditors (with claims totalling $297,-000.00) are represented by counsel opposing the motion for change of venue.

Additionally, the proximity of the limited partners should also be considered when analyzing an application for change of venue. *See Corco,* 596 F.2d at 1248 (location of stockholders was a factor used for proximity of creditors' test); *In re One-Eighty Investments, Ltd.,* 18 B.R. at 728. This concept is also supported by Bankruptcy Code Section 501(a), which allows equity security holders (defined to include limited partnership interests, 11 U.S.C. § 101(15)(B) (1979)) to file a proof of claim against debtor. 11 U.S.C. § 501(a) (1979). Thus, under the Bankruptcy Code, equity security holders are akin to creditors. In the case at bar, 24⅔ of the 25 limited partnership shares (approximately 99%) are owned by Illinois residents. Claims of the

limited partners against the debtor total $592,000.00.

Thus, on the basis of both the number and dollar amount of the debtor's claimants, there is a slight advantage in favor of transferring venue to Florida. *See In re Fairfield Puerto Rico, Inc.,* 333 F.Supp. 1187, 1190 (D.Del.1971) (court considered both the number and dollar amount of debtor's claimants on a motion to transfer venue). *But see Clark Bros. Co. v. Portex Oil Co.,* 113 F.2d 45 (9th Cir.1940) (court considered only dollar amount of claimants); *In re Birchminster Corp. of California,* 6 B.R. 258 (Bkrtcy.E.D.Pa.1980) (considered total number and geographical location of creditors).

However, even if strongly in favor of transferring venue, this factor alone would not be determinative. *See In re One-Eighty Investments, Ltd.,* 18 B.R. at 726 (transfer of venue from Illinois denied where 10 largest unsecured creditors were from Texas and no creditors were from Illinois); *In re FTM Limited Partnership,* 79 B 39583 (Bkrtcy.N.D.Ill. January 3, 1980) (transfer from Illinois to Florida denied where 43 of 51 unsecured creditors were from Florida).

2. *Proximity of the Debtor to the Court.* The debtor's principal place of business, general partners, books and records, and office are located in the Northern District of Illinois. Consequently, this factor strongly supports retaining venue in Illinois.

3. *Location of the Assets.* The debtor's principal assets are located in Florida. Although supporting the transfer of venue to Florida, this factor is not controlling in reorganization cases. *See In re One-Eighty Investments, Ltd.,* 18 B.R. at 729 ("In a reorganization proceeding, however, the location of the assets of the Debtor is not particularly important.").

4. *Proximity of Witnesses.* The Bank argues that many witnesses who reside in Florida will be necessary for this bankruptcy proceeding. These potential witnesses include appraisers, purchasers, and lenders.

However, since the debtor has indicated that it will not contest the security interests of the secured creditors, the number of potential witnesses from Florida has been reduced substantially.

The majority of the other witnesses likely to be called (i.e. the general and limited partners of the debtor) reside in Illinois. Considering all of this evidence, this court finds that the movants have not established that the Middle District of Florida would be a more convenient forum for witnesses.

5. *Intertwined Relationships.* The only evidence relevant as to this factor is that Saul Azar, an assignee of one of the general partnership interests, has previously filed an individual bankruptcy petition in the Northern District of Illinois. The outcome of Mr. Azar's bankruptcy petition is necessarily dependent on the resolution of the debtor's reorganization. Thus, this factor tends to support retaining venue in Illinois.

6. *Economical and Efficient Administration.* This factor has been considered to be the most important. *In re Landmark Capital Co.,* 20 B.R. 220, 224 (S.D.N.Y.1982). While an independent consideration, this factor "encompasses all of the preceding factors. The location of the creditors, partners, the Debtor, witnesses and assets all affect whether one District or another will provide for a more economical and efficient administration...." *In re One-Eighty Investments, Ltd.,* 18 B.R. at 729.

█ A review of the five factors previously mentioned reveals that: (1) "Location of Assets" and "Intertwined Relationships" are not significant factors under the factual background of this controversy, (2) "Proximity of Creditors" and "Proximity of Witnesses" are important factors, but do not evidence strong support for transferring venue to Florida, and (3) "Proximity of the Debtor (and its books and records)" is a significant factor in favor of retaining venue in the Northern District of Illinois.

In addition, there are other relevant considerations: (1) the first meeting of creditors has been held in Chicago, (2) a creditors' committee also has been established there, (3) the majority of unsecured creditors have objected to the motion for change of venue, and (4) the debtor has a cause of action seeking $2,000,000.00 in damages, which will be filed in the Northern District of Illinois. All of these considerations favor retaining venue in the Northern District of Illinois.

On the basis of all these factors and considerations, this court concludes that the Bank has not established by a preponderance of the evidence that the proceeding herein would be administered more economically and efficiently in the Middle District of Florida. Consequently, this court holds that, on balance, the six factors used to analyze a petition for change of venue under 28 U.S.C. § 1475 do not indicate that a change of venue from the Northern District of Illinois to the Middle District of Florida would further the convenience of the parties and the interest of justice.

The motions for a change of venue filed by WYC and the Bank are denied. The debtor is to prepare a draft order in accordance with this opinion within five (5) days.