In re ELEVEN OAK TOWER LIMITED PARTNERSHIP, Debtor.

Bankruptcy No. 86 B 1550.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 21, 1986.

Robbins, Rubinstein, Salomon & Greenblatt, Ltd., Chicago, Ill., for debtor.

DeHaan & Richter, P.C., Chicago, Ill., for Federal Deposit Ins. Corp.

MEMORANDUM OPINION
AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Petition For Change Of Venue filed by

the FEDERAL DEPOSIT INSURANCE CORPORATION [FDIC], represented by DeHAAN & RICHTER, P.C., and said Petition having been opposed by ELEVEN OAK TOWER LIMITED PARTNERSHIP, Debtor, represented by ROBBINS, RUBINSTEIN, SALOMON & GREENBLATT, LTD., and by several unsecured creditors represented by their respective attorneys, and the Court, having considered the record in this case and the pleadings on file, and having examined the Memoranda of Law filed by the parties in support of their respective positions, and having afforded the parties an opportunity for hearing, and being fully advised in the premises;

The Court Finds:

1. On January 30, 1986, Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Debtor is a limited partnership formed under the laws of the State of Illinois on June 4, 1985, for the purpose of owning and managing real property. Debtor's principal place of business is located at 990 West Fullerton, Suite 430, Chicago, Illinois. Debtor's members reside in Illinois.

3. Debtor's principal asset consists of certain parcels of property located in Kansas City, Missouri, commonly known as Eleven Oak Property. This property consists of a 30–story office tower, which is approximately 25 years old, and a vacant and unimproved lot. The office tower is 70% unoccupied. Debtor has had difficulty in maintaining the utilities on the building. Of the remaining tenants, one large tenant, the General Services Administration, may not renew its lease which is due to expire sometime in 1986.

4. On February 19, 1986, FDIC petitioned this Court for a change of venue pursuant to 28 U.S.C. Section 1408 and Bankruptcy Rule 1014(a), transferring Debtor's case to the United States Bankruptcy Court for the Western District of Missouri. FDIC is Debtor's largest secured creditor with a claim in excess of $6.5 million.

5. At the time of the filing of Debtor's Chapter 11 petition, Debtor's Eleven Oak Property was subject to two pending foreclosure actions. One foreclosure action was brought in Missouri State Court for delinquent real estate taxes in excess of $75,000.00.

The other foreclosure action was brought against the Eleven Oak Property in the United States District Court for the Western District of Missouri, a case entitled *Federal Deposit Insurance Corporation vs. Glen Morris, et al.*, Case No. 83–0492–CV–W–4. This action was based upon the default in payment on indebtedness due the FDIC under a Promissory Note secured by a Deed of Trust and Assignment of Rents with respect to the Eleven Oak Property. The District Court, in this foreclosure action, appointed a Receiver to manage and collect rents with respect to the Eleven Oak Property. On February 3, 1986, this Court entered an Order authorizing the Receiver, Mendell Small, to issue payroll checks to the building's employees, and to deposit all rent checks or other payments received in connection with the building.

6. An examination of the schedules appended to Debtor's Chapter 11 petition indicates that Debtor has $5,650,000.00 in assets. Debtor lists ten secured creditors with debts which total $8,676,313.67. Debtor's largest secured creditor is the FDIC which has a claim in excess of $6.5 million.

Debtor has listed 45 unsecured creditors. Twenty-one are located in Missouri, while 18 are located in Illinois. The six remaining unsecured creditors are located in several states. The aggregate value of the debt held by Debtor's "known" unsecured Missouri creditors is $445,578.58, or 19% of the outstanding unsecured debt of $2,295,867.91, while the aggregate value of the debt held by Debtor's "known" unsecured Illinois creditors is $1,850,289.33, or 81% of the outstanding unsecured debt. The aggregate value of the debt held by the six remaining unsecured creditors located in

several states is $20,593.25 or .01% of the outstanding secured debt.

7. The following unsecured creditors filed objections to FDIC's petition transferring this cause to Kansas City: (1) AVC Management, Inc.; (2) AVC Realty; (3) AVC Enterprises, Inc.; (4) Robbins, Rubinstein, Salomon & Greenblatt, Ltd.; (5) Boulevard Bank National Association and George Renaldi. AVC Enterprises, Inc. is a general partner of the Debtor. AVC Management, Inc. and AVC Realty appear to be affiliated with the Debtor. Robbins, Rubinstein, Salomon & Greenblatt, Ltd. are Debtor's attorneys.

The Court Concludes and Further Finds:

1. Venue of cases under Title 11 is governed by 28 U.S.C. § 1408 which provides, in relevant part, that:

... a case under title 11 may be commenced in the district court for the district—

(1) In which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district;

2. In the present case, this Court observes that venue over Debtor's Chapter 11 case could theoretically lie either in the Western District of Missouri or within the present District. Venue in the Northern District of Illinois is proper because Debtor's members have residence here and their principal place of business is located here. Venue would also be proper in the Western District of Missouri since Debtor's principal asset, the Eleven Oak Property, is located in Kansas City, Missouri.

3. Change of venue under Title 11 is governed by 28 U.S.C. § 1412, which provides:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Change of venue is also covered by Bankruptcy Rule 1014(a), which provides:

(a) *Transfer of Cases.*

(1) *Cases Filed in Proper District.* If a petition is filed in a proper district on timely motion of a party in interest, and after hearing on notice to the petitioners and to other persons as directed by the court, the case may be transferred to any other district if the court determines that the transfer is for the convenience of the parties and witnesses in the interest of justice.

This Court sits as a unit of the district court, 28 U.S.C. § 151, *see Gianakas v. The Exchange National Bank (In re Gianakas),* 56 B.R. 747 (N.D.Ill.1985) (Aspen, J.) and it has the authority to transfer a case arising under Title 11 to another district pursuant to 28 U.S.C. § 1412, and Bankruptcy Rule 1014(a).

4. The decision as to whether to transfer or retain a case lies within the sound discretion of the Court. *Frazier v. Lawyers Title Insurance Corporation (In re Butcher),* 46 B.R. 109, 112 (Bankr.N.D. Ga.1985). The party requesting a change of venue under 28 U.S.C. § 1412 has the burden of proving by a preponderance of the evidence that a transfer is appropriate. *Id.*

5. When determining whether the transfer of a given cause would be in the interest of justice and work to the greater convenience of the parties, courts have considered a number of factors which focus on the relationship of the action to the parties and property found within the forum. These factors include (1) proximity of creditors to the court; (2) proximity of the debtor to the court; (3) the location of witnesses necessary to the administration of the estate; (4) the location of debtor's assets; (5) the ability to conduct an economical and efficient administration of the estate in the forum; and (6) the existence of any "inter-

twined relationships" between the instant debtor and his affiliates or other debtors before the court. *See In re Bankers Trust,* 403 F.2d 16, 23 (7th Cir.1968); *In re Ryan,* 38 B.R. 917, 921 (Bankr.N.D.Ill. 1984).

▮ 6. The Court observes that Debtor's members reside and have offices in Illinois. The Court further observes that Debtor's unsecured creditors in number are fairly divided between Missouri which has 21, and Illinois, which has 18. Debtor's "known" unsecured Illinois creditors hold 81% of the unsecured debt, which percentage is greater than the debt held by Debtor's known unsecured Missouri creditors, which is 19%. However, the 81% unsecured debt, which represents $1,850,289.33 held by Illinois creditors is outweighed by the fact that Debtor's largest secured creditor, FDIC, which holds a claim in excess of $6.5 million, seeks to adjudicate the present cause in Missouri.

7. This Court finds and further concludes that the factor which overwhelmingly militates in favor of transferring this cause to Missouri is that Debtor's principal asset, the Eleven Oak Property, is located in Kansas City, Missouri. The administration of Debtor's case, which involves a high-rise office tower, can be most efficiently and expeditiously administered in the bankruptcy court closest to the situs of Debtor's principal asset. Courts have observed that "[M]atters concerning real property have always been of local concern and traditionally are decided at the situs of the property." *First Federal Savings & Loan v. Dew Mortgage Co., Inc. (In re Dew Mortgage Co., Inc.),* 10 B.R. 242, 244 (Bankr.M.D.Fla.1981).

Although Debtor maintains books and records in Chicago, the records generated by the day-to-day operation of Debtor's property are in Missouri. Those responsible for the day-to-day supervision of Debtor's property are located in Missouri. Tenants of Eleven Oak Property, vendors, creditors, the utility companies, witnesses and other interested parties are located in Missouri.

A bankruptcy court in Missouri would be in the best position to meet any emergencies since it would be in close contact with the property. Furthermore, if a liquidation should be required, and a liquidation would seem imminent given the building's 70% vacancy rate, and given the possible defection of remaining tenants who may not renew their leases, a bankruptcy court in Missouri would be in the best position to select a local trustee who could effectively administer the estate. As Debtor's principal asset is located in Missouri, rulings may be required in accordance with local law, and a bankruptcy court in Missouri would be in a better position to make such decisions.

Debtor's property is the subject of two foreclosure actions, one is in the Missouri State Court and the other is in the Missouri District Court. This Court observes that the Missouri District Court has jurisdiction to determine the applicability of the automatic stay as to the foreclosure action pending before it. *In re Baldwin United Corporation Litigation,* 765 F.2d 343, 347 (2nd Cir.1985). Should the Missouri District Court decide to lift the stay with respect to the foreclosure action, then Debtor's principal action would be in Missouri, not Illinois. More importantly, the determination of the applicability of the automatic stay should remain in one circuit in order to avoid any unnecessary conflict between two circuits. *See In re Baldwin, supra.* The circuit where the land is located and where the prior district court foreclosure action was brought is the circuit where this bankruptcy proceeding should unfold.

8. This Court has reviewed the case authority cited in support of Debtor's position. *In the Matter of Commonwealth Oil Refining Co. Inc.,* 596 F.2d 1239 (5th Cir. 1979); *In re Walter,* 47 B.R. 240 (Bankr.M. D.Fla.1985); *In re Island Club Marina, Ltd.,* 26 B.R. 505 (Bankr.N.D.Ill.1983); *In re One-Eighty Investments, Ltd.,* 18 B.R. 725 (Bankr.N.D.Ill.1981). There is a clear split in the case authority on this venue question. However, there is ample case

authority in support of this Court's position that the estate of a real estate partnership is most efficiently administered where its principal asset is. *In re Old Delmar Corporation,* 45 B.R. 883 (S.D.N.Y.1985); *In the Matter of Landmark Capitol Company,* 19 B.R. 342 (Bankr.S.D.N.Y.1982); *In re Dew Mortgage Company, Inc.,* 10 B.R. 242 (Bankr.M.D.Fla.1981).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that *In re Eleven Oak Tower Limited Partnership,* 60 B.R. 21, be and is hereby transferred to the United States Bankruptcy Court for the Western District of Missouri.