In re RETIREMENT INN AT FOREST LANE, LTD., a Georgia Limited Partnership, Debtor.

Misc. No. 87–M–198W.

United States District Court, D. Utah, C.D.

Feb. 22, 1988.

William G. Fowler, Joel R. Dangerfield, Ronald W. Goss, Salt Lake City, Utah, for Retirement Inn at Forest Lane, Ltd.

Larry G. Moore, Mark O. Morris, Salt Lake City, Utah, for Safeco Life Ins. Co.

Before JENKINS, Chief Judge, WINDER and GREENE, District Judges, and ANDERSON, Senior Judge, sitting en banc.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court, sitting en banc, on a motion by Safeco Life Insurance Company ("Safeco"), a secured creditor, for transfer of venue. A hearing was held before the court on January 21, 1988. At oral argument Larry G. Moore and Mark O. Morris represented Safeco. Ronald W. Goss represented Retirement Inn at Forest Lane, Ltd. ("Retirement Inn"). Prior to the hearing the court had carefully reviewed all memoranda, exhibits, and affidavits submitted with respect to this motion. Following the hearing, the court took this matter under advisement. Being now fully advised, the court renders the following memorandum decision and order.

## FACTUAL BACKGROUND

Retirement Inn, the debtor in this action, is a Georgia limited partnership organized to operate and hold the limited partnership's primary asset, a 98–unit retirement

community development located near Dallas, Texas. The limited partnership has no officers or employees but is managed by its general partner, Southmark Consolidated Resources Corporation of America ("Southmark CRCA"), a Nevada corporation. Retirement Inn and its general partner maintain a business office in Atlanta, Georgia.

In January of 1987, Retirement Inn entered into a management agreement with an affiliate of Southmark CRCA, Southmark/AutumnWest Corporation ("AutumnWest"). AutumnWest is a Utah corporation with its principal place of business in Salt Lake City from which it offers a range of services including accounting, operations and marketing. Most of Retirement Inn's books, records and financial reports are kept at AutumnWest's Salt Lake City office. Nevertheless, the bank accounts of Retirement Inn are located in Texas.

On August 27, 1987, Retirement Inn filed a Chapter 11 petition in bankruptcy in the U.S. Bankruptcy Court for the District of Utah. On October 7, 1987, Safeco, the debtor's largest secured creditor, filed a motion for transfer of venue to the U.S. District Court for the Northern District of Texas, Dallas Division. Safeco argues that venue is not proper in Utah because Utah is neither the debtor's residence, domicile nor principal place of business, and that, even if venue were proper in Utah, it should be transferred in the interest of justice and for the convenience of the parties to the Northern District of Texas where the debtor's principal asset is located. Retirement Inn, on the other hand, opposes this motion on the following grounds: (1) Safeco does not satisfy standing requirements to bring this motion; (2) this matter is not properly before the district court and should be referred back to the bankruptcy court; and (3) the circumstances of this case support retaining venue in Utah.

## DISCUSSION

The issues this court must decide include whether this court can properly hear Safe-

co's transfer of venue motion or whether this matter should be referred back to the bankruptcy court for determination. If this court can decide Safeco's motion, this court must determine whether it is in the interest of justice or for the convenience of the parties to transfer this case to Texas.[1]

### 1. Jurisdiction Over Venue:

In the course of its research, the court has discovered that the issue of jurisdiction over a motion for transfer of venue in a bankruptcy case is not as clearly defined in the law as one might expect. An accurate analysis of the issue requires careful consideration of the extent the district court has jurisdiction over bankruptcy matters in light of the General Order of Reference of such cases to the bankruptcy court, and the history and development of the bankruptcy court's jurisdiction over questions of transferring venue.

In response to the United States Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipe Line Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), Congress adopted 28 U.S.C. § 157(a) which provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

Under the authority granted by this provision, the United States District Court for the District of Utah issued a General Order of Reference dated July 10, 1984, which referred all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for the District of Utah. Then, on June 26, 1985, the United States District Court for the District of Utah promulgated the Local Rules for Bankruptcy Practice and Procedure Conforming to Bankruptcy Amendments and Federal Judgeship Act of 1984 ("Local

---

1. The debtor's argument that Safeco lacks standing to bring this motion lacks merit in view of the fact that Safeco has entered an appearance

as a secured creditor of the debtor and formally requested to be listed as a secured creditor in the debtor's schedules of assets and liabilities.

Rules"). Local Rule B–105(a) restates and supplements the General Order of Reference as follows:

> Any and all cases under title 11 and any and all proceedings arising in or related to a case under title 11 are referred to the bankruptcy judges for the District of Utah, for consideration and resolution consistent with the law. This reference applies to all pending bankruptcy cases and proceedings, except those on appeal to the district court, and all bankruptcy cases and proceedings hereinafter filed in the District of Utah.

The General Order of Reference refers all bankruptcy matters to the bankruptcy court; however, it does not refer the power to punish a civil or criminal contempt by imprisonment.

Local Rule B–106, in accordance with 28 U.S.C. § 157(d), provides a procedure for transferring proceedings to the district court for disposition. Under this rule a proceeding will be transferred to the district court only if the party seeking the transfer files an application in the bankruptcy court certifying one or more of the following grounds:

> (A) The particular proceeding is a personal injury tort or a wrongful death claim within the purview of 28 U.S.C. § 157(b)(5).
>
> (B) Resolution of the particular proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce and thus must be withdrawn to the district court under 28 U.S.C. 157(d).
>
> (C) Cause exists, within the contemplation of 28 U.S.C. 157(d), for the withdrawal of the particular proceeding to the district court (a specification of such alleged cause must be stated).[2]

Paragraph 5 of Rule B–106 implicitly states that a bankruptcy court may not on its own motion order any matters transferred to the district court unless they fall under the narrow provision of subsection (1)(A) of Rule B–106.

Furthermore, it is helpful to review the history of jurisdiction over motions for transfer of venue in order to resolve the issues currently before the court. Prior to enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, motions to transfer venue were routinely handled by bankruptcy judges. Even after the Supreme Court's decision in *Marathon Pipe Line, supra,* the United States District Court for the District of Utah enacted an Interim Rule under which the bankruptcy system operated in this district until the 1984 Bankruptcy Amendments took effect, and this rule allowed bankruptcy judges to determine motions for transfer of venue. The Tenth Circuit upheld the constitutionality of the Interim Rule in a number of decisions.[3] Subsequently, the Interim Rule was essentially codified by the 1984 Amendments. The statutory provisions relating to venue of cases under the 1984 Amendments, namely, sections 1408, 1409, and 1410, are essentially identical to their predecessors, sections 1472, 1473 and 1474.

Under the current Code, two separate statutes specifically address change of venue. They are Bankruptcy Rule 1014(a) and 28 U.S.C. § 1412. The first, Bankruptcy Rule 1014, reads as follows:

> (a) Dismissal and Transfer of Cases.
>
> (1) Cases Filed in Proper District. If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

---

**2.** It should be noted that the issues specifically listed in the local rule as being appropriate for transmittal to the district court do not explicitly include issues of venue. It could be argued, however, that subsection (C) which refers to the catch-all grounds of where "cause exists" could possibly include issues of venue.

**3.** *See, e.g., John E. Burns Drilling Co. v. Central Bank of Denver,* 739 F.2d 1489, 1493–94 (10th Cir.1984); *Matter of Colorado Energy Supply, Inc.,* 728 F.2d 1283, 1286–87 (10th Cir.1984).

(2) Cases Filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

On its face, this rule fails to specify whether its usage of the term "court" refers to the bankruptcy court or the district court. The Editors' Comment (1987) does little to clarify this ambiguity. It states in part:

It appears facially that a motion to transfer must be presented for the consideration of the District Court, even though there has been a general reference of all cases and all proceedings entered by the District Court pursuant to 28 U.S.C. § 157. This is not really what occurs in practice, and all such motions are, in fact, filed in the Bankruptcy Court.

Some direction is found, however, in the recently amended Bankruptcy Rule 9001(4) which defines the words "court" and "judge" to mean "the judicial officer before whom a case or proceeding is pending." In light of this amendment, Rule 1014(a) can be interpreted as endowing bankruptcy courts with the authority to determine motions for change of venue.

The other pertinent statute that addresses change of venue, 28 U.S.C. § 1412, reads simply:

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

It is interesting to note how the Editors' Comment (1987) to Bankruptcy Rule 1014 examines 28 U.S.C. § 1412.

The procedure to change venue is dealt with by 28 U.S.C. § 1412. This section, just as is the balance of the amendment by BAFJA concerning jurisdiction, is placed in the Judicial Code of the United States and not in Title 11. This section nowhere refers to Bankruptcy Courts, but deals only with the jurisdiction and all matters related to the jurisdiction of the District Court. 28 U.S.C. § 1412 speaks of the power of the District Court to transfer a case or a proceeding to another district in the interest of justice or for the convenience of parties.

Thus, it appears facially that a motion to transfer must be presented for the consideration of the District Court, even though there has been a general reference of all cases and all proceedings entered by the District Court pursuant to 28 U.S.C. § 157.

Nevertheless, there has been a fair amount of discussion as to whether the term "district court" as used in section 1412 should be construed to incorporate not only the district court but also the bankruptcy court as a unit of the district court. At least one leading bankruptcy treatise takes the position that the bankruptcy court should hear and decide venue issues in the first instance. 1 W. Norton, BANKRUPTCY LAW AND PRACTICE § 5.10 (1981), states at pages 65–66 (footnotes omitted):

Although some courts have read the "District Court" in that statute (28 U.S. C. § 1412) in a restrictive manner, the better view is that the Bankruptcy Court in a referred case has the power to order a venue change by a dispositive order, rather than merely making a recommendation to the District Court, or to require that the change of venue motion be made in the District Court in the first instance.[4]

Furthermore, the National Bankruptcy Conference, an organization of bankruptcy attorneys, law professors and judges, also endorses the view that change of venue

**4.** *Norton, supra,* goes on to suggest the following:

Moreover, if the transferee jurisdiction has a general order of reference in effect under § 157(a), then, since a proceeding transferred to the District Court would be referred auto-

matically, without more, to the Bankruptcy Court, it is appropriate for the Bankruptcy Court's change of venue order to direct the transfer of the case or proceeding directly to the Bankruptcy Court of the other district.

motions should be handled by the bankruptcy court. Greenfield, *The National Bankruptcy Conference's Position on the Court System Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, and Suggestions for Rules Promulgation,* 23 Harvard J. Legis. 357, 374 (1986).

The fact that motions for change of venue are predominantly considered "core proceedings" by courts that address the issue [5] also weighs in favor of the bankruptcy court having jurisdiction over changes of venue since, under 28 U.S.C. § 157(b), the bankruptcy court is empowered to enter dispositive orders with respect to all core proceedings.

In summary, although the literal language of 28 U.S.C. § 1412 seems to indicate that change of venue must be decided by a district court, various legal authorities including treatises, conference positions, and case law, endorse having the bankruptcy court decide motions for transfer of venue.

In view of the respectable authority on both sides of this issue, this court chooses to adopt a middle ground position regarding the procedure for transfer of venue motions in bankruptcy cases. It is the opinion of this court that the present bankruptcy court procedure respecting transfer of venue motions should be revised in the manner described below. Accordingly, the revised procedure is best described in contrast to the present procedure for transfer of venue motions.

a. *The Present Procedure for Transfer of Venue Motions*

The present practice of the Utah Bankruptcy Court is to automatically refer all motions for transfer of venue to the district court by means of a form application and order (Exhibits A and B to this order). The order form routinely used implies that a motion for change of venue can be transmitted to the district court pursuant to Local Rule B–106. Rule B–106, however, makes no reference to venue issues. The application and order forms currently used by the Utah Bankruptcy Court allow the moving party and the bankruptcy judges, respectively, to merely select "change of venue" as one of four possible grounds for requesting or ordering transmittal of the matter to district court.[6] The court acknowledges that the movant, Safeco, fully complied with the procedure presently used by the Utah Bankruptcy Court in handling motions for transfer of venue.

b. *The Revised Procedure for Transfer of Venue Motions*

■ After careful review of the pertinent statutes, rules and policy considerations, this court hereby implements a new procedure for all motions requesting a transfer of venue for bankruptcy cases or adversary proceedings. The General Order of Reference, restated in Local Rule B–105, shall be supplemented and revised so as to provide that a motion for a transfer of venue of a bankruptcy case or adversary proceeding shall be heard initially by the bankruptcy judge. Once the motion is submitted, the bankruptcy judge shall file with the district court a report and recommendation outlining proposed findings of fact and recommendations for the disposition of the motion. The bankruptcy court shall serve forthwith a copy of the report and recommendation on the parties to the proceeding. Within ten days of being served with a copy of the report and recommendation, a party may serve and file with the district court clerk objections prepared in the manner provided for in Bankruptcy Rule

**5.** *See, e.g., In re D'Angona,* 74 B.R. 577, 578 (Bankr.D.R.I.1987); *In re 19101 Corp.,* 74 B.R. 34, 35 (Bankr.D.R.I.1987); *In re Waits,* 70 B.R. 591, 594 (Bankr.S.D.N.Y.1987); *In re F.S. Airlease II, Inc.,* 67 B.R. 428, 431–32 (Bankr.W.D. Pa.1986); *In re Whilden,* 67 B.R. 40, 42 (Bankr. M.D.Fla.1986); *In re Thomasson,* 60 B.R. 629, 631 (Bankr.M.D.Tenn.1986); *In re Eleven Oak Tower Ltd. Partnership,* 59 B.R. 626, 628 (Bankr. N.D.Ill.1986); *In re Oceanquest Feeder Service,*

*Inc.,* 56 B.R. 715, 718 (Bankr.D.Conn.1986); *In re Leonard,* 55 B.R. 106, 108 (Bankr.D.D.C. 1985). *Contra, In re Greiner,* 45 B.R. 715, 716 (Bankr.D.N.D.1985).

**6.** The other three possible premises correlate directly to the grounds specified in Rule B–106(1)(A)–(C).

9033(b). If objections are filed the district court shall make a *de novo* review of all matters relating to the transfer of venue motion in the manner prescribed by Bankruptcy Rule 9033(d).[7]

To avoid further delay in this case, the court will now proceed to a decision as to whether venue should be changed and without utilizing the procedure outlined above. However, the new procedure will apply in all cases filed after the date of this Memorandum Decision and Order.

### 2. *Transfer of Venue*

■ Whether or not venue of this case is proper in Utah, this court can transfer venue to Texas in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412; Bankruptcy Rule 1014(a). Under the circumstances of this case, transferring venue to the Northern District of Texas, Dallas Division is appropriate in the interest of justice and for the convenience of the parties.[8] Retirement Inn is not a Utah but a Georgia limited partnership which owns and operates a retirement center in Dallas, Texas. This retirement center is the debtor's principal asset in addition to bank accounts which are maintained in Dallas. Moreover, a majority of the creditors having the largest claims are located in Dallas.

■ One of the most important considerations in transferring the venue of a bankruptcy case is whether the transfer will promote the efficient and economic administration of the estate. *In re Cole Associates*, 7 B.R. 154, 157 (Bankr.D.Utah 1980) (quoting *In re Commonwealth Oil Refining Co., Inc.*, 4 B.C.D. 589 (W.D.Texas 1978)). Especially in cases where a bankruptcy estate holds real property as its principal asset, courts have transferred venue of cases to the location of the real property in order to promote the efficient and economic administration of the estate.[9] If this estate is administered in Dallas, near the location of the retirement center, the Texas Bankruptcy Court can resolve any litigation regarding Texas property law or valuation disputes in an expeditious manner and within the convenient access of expert witnesses, such as appraisers.

Because most of the creditors, primary assets of the estate, and potential expert witnesses are located in Texas, this court will transfer venue of this case to the Northern District of Texas, Dallas Division. Pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a), this court transfers venue of this case in the interest of justice and for the convenience of the parties.

### CONCLUSION

After careful consideration of the development of jurisdiction over motions for transfer of venue in bankruptcy cases, this court concludes that the present procedure of the Utah Bankruptcy Court in automatically transmitting to the district court all motions for transfer of venue in bankruptcy cases is not in keeping with the spirit and contemporary interpretation of the following pertinent statutory provisions: 28 U.S.C. § 1412, 28 U.S.C. § 157(a) and (d), Bankruptcy Rules 1014, 5011 and 9001(4), and Local Rule B-106. Consequently, this court hereby implements a new procedure regarding the disposition of all motions for transfer of venue of bankruptcy cases or adversary proceedings. Finally, the facts of this case persuade the court that a transfer of this case to the Northern District Court of Texas is appropriate in the interest of justice and for the convenience of the parties.

Accordingly,

G-143, concerning another related Georgia limited partnership.

---

7. This procedure is patterned after the procedure followed by United States Magistrates pursuant to 28 U.S.C. § 636(b) and the procedure followed for abstention motions concerning adversary proceedings provided by Bankruptcy Rule 5011(b).

8. Transfer of this case may also be proper for the reasons aptly stated in Judge J. Thomas Greene's memorandum decision in *In re Retirement, Inc. at Western Hills, Ltd.*, Misc. No. 87-

9. *See In re Old Delmar Corp.*, 45 B.R. 883, 884–85 (S.D.N.Y.1985); *In re Eleven Oak Tower Limited Partnership*, 59 B.R. 626, 630 (Bankr.N.D.Ill. 1986); *In re Landmark Capital Co.*, 19 B.R. 342 (Bankr.S.D.N.Y.1982), *aff'd* 20 B.R. 220 (S.D.N.Y.1982); *In re Greenridge Apts.*, 13 B.R. 510, 512 (Bankr.D.Haw.1983).

IT IS HEREBY ORDERED that Safeco's motion for transfer of venue of this bankruptcy case to the Northern District of Texas, Dallas Division, is granted.

EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

In re

Bankruptcy No. _____

Civil Proceeding No. _____
 [if applicable]

**APPLICATION FOR ORDER DIRECTING TRANSMITTAL OF MOTION TO UNITED STATES DISTRICT COURT**

_____, attorney for _____
_____, hereby applies for an order authorizing and directing transmittal of the attached MOTION

☐ for change of venue [28 U.S.C. 1412]

☐ for withdrawal of reference [28 U.S.C. 157(d)]

☐ for resolution of a matter requiring consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce [28 U.S.C. 157(d)]

☐ or other request for trial of personal injury or wrongful death tort claims against the estate [28 U.S.C. 157(b)(5)]

to the United States District Court for consideration.

DATE:_____

_____
Signature

_____
Address

_____
_____
 Zip

_____
Telephone

rev 9/85

802

EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

In re

Bankruptcy No. _____

Civil Proceeding No. _____
[if applicable]

**ORDER FOR TRANSMITTAL OF
MOTION TO UNITED STATES DIS-
TRICT COURT**

Pursuant to District Court Rule of Bankruptcy Procedure B–106, the attached MOTION

☐ for change of venue [28 U.S.C. 1412]

☐ for withdrawal of reference [28 U.S.C. 157(d)]

☐ for resolution of a matter requiring consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce [28 U.S.C. 157(d)]

☐ or other request for trial of personal injury or wrongful death tort claims against the estate [28 U.S.C. 157(b)(5)]

is hereby ordered transmitted to the United States District Court, District of Utah, for consideration.

The Clerk of the Bankruptcy Court is ordered to submit a certified copy of this order, along with the attached motion, to the Clerk of the District Court.

Not later than 10 days after entry of a dispositive order by the District Court, the prevailing party is hereby ordered to file a certified copy of the same with the Clerk of the Bankruptcy Court. The copy so filed shall include the case numbers appearing on this order.

DATED BY THE COURT

_____
JUDGE, U.S. BANKRUPTCY COURT

☐ cc: Clerk, U.S. Bankruptcy Court

rev 9/85

